IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| Robert Holland, | ) | Case No.: 2:13-cv-00491-RL-JEM |
| | ) | |
| Plaintiff, | ) | Honorable Rudy Lozano |
| | ) | |
| v. | ) | Magistrate Judge John E. Martin |
| | ) | |
| Cerberus Capital Management, LP, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' RESPONSE AND REQUEST FOR SANCTIONS**

Defendants Kimberly Johnson ("Johnson") and TDAF Auto Finance LLC, successor in interest to Chrysler Financial LLC ("TDAF") hereby submit this memorandum in support of their collective Response to Plaintiff's (1) Motion for Entry of Default [DE32] Motion for Default Judgment [DE38], (3) Objections to Defendants TDAF and Kimberly Johnsons' Notices of Automatic Enlargement of Time [DE's 34, 35], and (4) Request for Sanctions.

**PROCEDURAL HISTORY**

1. Plaintiff filed a Complaint in this action on December 30, 2013.

2. Plaintiff filed his Return of Summons alleging that both Johnson and TDAF had served with the Complaint on or about May 27, 2014 [DE's 17 & 18].

3. Although TDAF and Johnson do not concede that service was indeed perfected on May 27, 2014, the record indicated that a response was due from both Johnson and TDAF on or before June 17, 2014.

1

4.	Counsel was not retained by TDAF until June 12, 2014, and that representation was confirmed to extend to Kimberly Johnson, an employee of TDAF, on June 16, 2014. During this interim, counsel attempted to contact Plaintiff to secure his agreement to an enlargement of time, but was unable to reach Plaintiff prior to the purported response deadline.

5.	TDAF and Johnson filed their Notices of Automatic Enlargement of Time on June 16, 2014 and June 17, 2014, respectively.

6.	Sometime after these filings, Plaintiff filed his Motion for Entry of Default as to not only Defendants TDAF and Johnson, but also the Cerberus Defendants, who had filed their Motion to Dismiss DE#29 on June 17 as well.

7.	Rather than withdraw his Motion for Entry of Default when he realized that the various Defendants had appeared and begun their respective defenses, Plaintiff instead objected to the Notices of Automatic Enlargement of Time and moved to strike the Cerberus Defendants' Motion to Dismiss. Two days later he then filed his Motion for Default Judgment [DE38].

## **LEGAL ARGUMENTS**

### I.	Plaintiff's Motion for a Clerk's Entry of Default Was Improper

Fed. R. C. P. 55(a) is quite clear that a party may only request the clerk enter a default against a party who has "failed to plead or otherwise defend", by the twenty one (21) day deadline set forth in Fed. R. Civ. P. 12(a)(1)(A)(i). Fed. R. Civ. P. 6(b) and its companion, N.D. Ind. L.R. 6.1(b), provide for extensions to a party's deadline to respond. Before that deadline occurs, a party may not be defaulted for failure to answer or otherwise plead. Default is the "mirror image of a dismissal of a suit for failure to prosecute…," in that it is analogous to sanctioning a party for failure to act within their allotted time. *Philips Medical Sys. Int'l B.V. v. Bruetman*, 8 F.3d 600, 602 (7th Cir. Ill. 1993); citing *Ball v. City of Chicago,* 2 F.3d 752 (7th Cir.

2

1993). More simply put, an entry of default can only lie against a defending party who has failed to meet his/her deadline to respond or otherwise plead.

Here, neither TDAF nor Johnson has filed a responsive pleading or motion because those are not due until July 15, 2014. If the Court, hypothetically, were to grant an entry of default against TDAF and Johnson, after their reliance on the automatic extension provisions of L.R. 6.1(b), then it would be functionally no different than entering a default judgment against them the day after Plaintiff's return of service.

It appears that the Clerk has correctly recognized the appearances and extensions of both TDAF and Johnson in this case prior to Plaintiff's attempt to default them, since no Clerk's Entry of Default has been placed on the record to date. Under normal circumstances it would be inconceivable that an attorney (albeit suspended), would not be aware of these facts, it is unsurprising given Plaintiff's well-publicized legal history before this and other Courts[1]. In any event, it is quite clear from the record alone that there is no possible way that Plaintiff's Motion for Clerk's Entry of Default was at all proper.

**II.     Plaintiff's "Objection" to Automatic Enlargements of Time is Not Permissible**

Fed. R. Civ. P. 83(a)(1) allows for district courts to establish local rules governing their practice and procedure, provided the local rules do not attempt to displace the Federal Rules. *Lewis v. Downey*, 581 F.3d 467, 479 (7th Cir. 2009). N.D. Ind. L.R. 6.1(b) is explicit in that, upon meeting the requirements therein, a deadline to respond to a pleading is "**automatically** extended when an extension notice is filed with the Court…" (Emphasis added). That means there is no additional action for either a party or the Court to take, because the extension takes effect immediately upon the filing of the Notice. This Local Rule perfectly comports with Fed.

---

[1] *See Def.'s Memo. in Support of Mtn. to Dismiss, DE29, p.1, footnote no. 2.*

3

R. Civ. P. 6 (b)(1)(A), which does not require a motion, or even notice, provided a request for enlargement is made before the original time expires.

Plaintiff's "Objection" to the Automatic Extensions of TDAF and Johnson was, quite simply, not a remedy available to Plaintiff after the Extensions were filed. Further, as his only grounds in support, Plaintiff alludes to the issues with service raised in those extensions, and conclusorily states that "proper service was had." The undersigned counsel's mention of the service defects upon TDAF and Johnson, however, was merely one of preserving the issue for TDAF and Johnson's prospective responsive pleadings. As set forth in L.R. 6.1(b), whether TDAF or Johnson was properly served is wholly unrelated their automatic extensions of time, but is rather the local requirement that service dates be listed is a formality intended for calculation of deadlines.

Additionally, Plaintiff's statements that counsel for the Cerberus Defendants was representing TDAF are wholly contradicted by the record as it stands before the Court. Counsel for the Cerberus Defendants did not appear on TDAF or Johnson's behalf, yet the undersigned counsel has entered such an appearance.

Lastly, the only possible motive behind Plaintiff's "Objection(s)" could only have been borne of anger and/or frustration over the fact that he showed up at the courthouse, Default Motion in hand, only to realize that he could no longer take a default against any Defendant. Frustration or anger, however, **cannot** stand as justifications for Plaintiff's objections. Rather, they only serve to expose the fact that the only prejudice Plaintiff could complain of from the Automatic Extensions is that his attempt to "sneak in" a Default Entry was thwarted.

4

### III. Plaintiff's Motion for Default Judgment is Even More Improper

There are two stages to a default proceeding under Fed. R. Civ. P. 55. The first is the establishment of the default under Fed. R. Civ. P. 55(a). The second, which necessarily depends upon the occurrence of the first, is the establishment to the Court by motion that Plaintiff is indeed entitled to a default judgment. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Further, Plaintiff attempted to make his Motion for sums certain. In such a case, Fed. R. Civ. P. 55(b)(1) only allows default judgment against a party who is in default for failure to appear.

In the instant case, the impropriety of Plaintiff's Motion for Default Judgment is quite clear. Plaintiff has not received his Clerk's Entry of Default (and is not entitled to it as demonstrated above), and therefore is not entitled to a Default Judgment. What is disconcerting about this Motion is that Plaintiff moved for a Default Judgment (1) after he was aware of the appearances and extensions of time of both TDAF and Johnson, and (2) without the prerequisite Clerk's Entry of Default. Accordingly, it should be summarily denied.

### IV. Defendants TDAF and Johnson are Entitled to Sanctions in the Form of Attorney's Fees Against Plaintiff

Fed. R. Civ. P. 11 authorizes sanctions against a party or attorney who files (1) frivolous pleadings or motions, (2) files pleadings or motions for an improper purpose such as to harass, or (3) makes allegations the party knows to have no basis in law or fact. The entire point of this rule is to deter and prevent baseless filings with the court. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990), see also *Corley v. Rosewood Care Center, Inc. of Peoria*, 388 F.3d 990, 1013 (7th Cir. 2004). A claim or allegation is frivolous if it has a very low probability of success. *Maxwell v. KPMG LLP*, 520 F.3d 713, 719 (7th Cir.

2008); citing *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 952 (7th Cir. 2006); *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990). Frivolity also exists if no reasonable person would consider the filing to have merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Additionally, failing to make a reasonable inquiry into the law or facts prior to a filing, even in the presence of good faith on the part of the filing party, can still lead to sanctions. *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989).

      The instant issues offer a clear cut example of frivolous filings or improper purpose. Plaintiff attempted to procure a Clerk's Entry of Default despite the fact that the Rules of Civil Procedure precluded his doing so. Rather than taking the proper action and withdrawing the Motion for Clerk's Entry of Default, Plaintiff instead filed a procedurally impermissible objection to automatic enlargements of time, which he followed with yet another procedurally impermissible motion for default judgment. This is demonstrative of a Plaintiff intent on preventing this action from being decided on a factual basis. Most importantly, these baseless filings suggest that Plaintiff would stop at nothing, ignoring the applicable rules of procedure, to avoid litigating the purported merits of his claims. The undersigned counsel for Defendants has forced to respond to Plaintiff's frivolous motions and objections when such time would have been far better spent bringing this case to a swift and just conclusion.

      Additionally, Plaintiff's history of vexatious and frivolous litigation also supports sanctions and attorney's fees. It is well settled that a party or attorney's history of litigation misconduct is a substantial part of a Court's review for sanctions. *Johnson v. Commissioner of Internal Revenue*, 289 F.3d 452, 456-457 (7th Cir. 2002); citing *S Industries, Inc. v. Centra 2000, Inc.,* 249 F.3d 625, 628-29 (7th Cir. 2001); *In re Joint Eastern & Southern Districts Asbestos Litigation,* 22 F.3d 755, 759 n. 8 (7th Cir. 1994); *Fink v. Gomez,* 239 F.3d 989, 992 (9th Cir.

2001); *Doering v. Union County Bd. of Chosen Freeholders,* 857 F.2d 191, 197 n. 6 (3d Cir. 1988).

Indeed, as the Cerberus Defendants have pointed out in their Memorandum in Support of their Motion to Dismiss [DE29], Plaintiff has initiated no less than six (6) cases in the Northern District of Indiana within the last four (4) years. In those cases, Plaintiff was warned against future frivolous filings by the District Court. *Holland v. City of Gary, et. al.*, 2:10-CV-454-PRC, 2014 WL 1651986 (N.D. Ind. Apr. 24, 2014). Furthermore, the 7th Circuit Court of Appeals agreed with the District Court in another case that Plaintiff's conspiracy allegations were "fantastical or delusional." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013). His most recent action has already been dismissed for the same reasons. *Holland et al v. CEO Countrywide Home Loans Inc.*, et al. 2:14-cv-00005-TLS-PRC, DE11 (N.D. Ind. Jun 12, 2014).

While TDAF and Johnson anticipate a future motion for additional sanctions based on the frivolity of this action as a whole, this request pertains only to Plaintiff's recent motions and objections, filed by Plaintiff in his attempt to obtain a default judgment heedless of the rules. To describe such filings as groundless is a euphemistic characterization. The more accurate description is, as has been pointed out against Plaintiff before, that such filings are frivolous, fantastical, and malicious. As a result, both TDAF and Johnson have been forced to incur attorney's fees defending against these actions of Plaintiff, and they are rightfully entitled to recoup those fees from Plaintiff.

## CONCLUSION

Plaintiff's Motion for Entry of Clerk's Default is procedurally impermissible, since there is no Defendant currently in default, either by failure to appear or the expiration of their time to respond. This specifically includes TDAF and Johnson. Likewise, Plaintiff's Objection to the

7

Automatic Enlargements of TDAF and Johnson is not allowed under any rule. Plaintiff further has not set forth any fact, or even allegation, which would justify his belief that this case should be decided on something other than the merits.

Finally, without a Clerk's Entry, Plaintiff is not entitled to move for Default Judgment, and even in that case would be precluded by the mere appearance of counsel for TDAF and Johnson.

Plaintiff's lack of proper purpose in said filings clearly demonstrate his malicious intent to harass Defendants TDAF and Johnson. When coupled with Plaintiff's long history of vexatious litigation and sanctionable conduct (both in and out of court), sanctions against Plaintiff in the form of an award of those attorney's fees directly incurred as a result of Plaintiff's recent filings are wholly appropriate.

WHEREFORE, Defendants TDAF and Johnson respectfully request the Court deny Plaintiff's Motion for Clerk's Entry of Default, overrule Plaintiff's Objection to these Defendants Notices of Automatic Enlargement of Time, deny Plaintiff's Motion for Default Judgment, assess sanctions against Plaintiff in the form of these Defendants' reasonable attorney's fees, and for all other relief the Court deems just and proper.

                Respectfully submitted,

                /s/ *James J. Todd*
                James J. Todd (30453-15)
                Attorney for Defendants TDAF and Johnson
                Weltman, Weinberg & Reis Co., L.P.A.
                525 Vine Street, Suite 800
                Cincinnati, OH 45202
                Phone: (513) 723-2200
                Fax: (513) 723-2239
                Email: jtodd@weltman.com

Dated: June 26, 2014

## CERTIFICATE OF SERVICE

  This is to certify that a copy of the foregoing has been electronically filed with the Clerk of Court on June 26, 2014 and served upon the following counsel of record and/or *pro se* parties via United States Mail, postage prepaid:

Robert Holland
1120 Baker St.
Gary, Indiana 46404

                /s/ *James J. Todd*_____
                James J. Todd

**Weltman, Weinberg & Reis Co., LPA**
525 Vine St., Suite 800
Cincinnati, OH 45202
(513) 723-2200
(513) 723-2239-facsimile
jtodd@weltman.com