FILED

# UNITED STATES DISTRICT COURT
## FOR THE SEVENTH CIRCUIT
## HAMMOND DIVISION

2014 JUL -2 PM 12: 38

ROBERT HOLLAND, )
   Plaintiff – Appellant )
)
VS. ) District Court Case No.: 2:13-CV-00491
)
CERBERUS CAPITAL )
MANAGEMENT, LLP, et al, )
   Defendants – Appellees. )

### REPLY TO CHRYSLER FINANCIAL'S RESPONSE DE #49

### AND MEMORANDUM IN SUPPORT OF DEFENDANT'S RESPONSE DE #50

Comes now the Plaintiff Robert Holland and files this Reply to Chrysler Financial's (TDAF's) DE #49 Response and #50 Memorandum in Support of Defendant's Response and Request for Sanctions. In support of this Motion the Plaintiff Robert Holland states the following:

### APPLICABLE RULE(S) OF LAW – the Frow Rule and FRCP 55

The Seventh Circuit explains the Frow Rule regarding vicarious liability and default judgments. The final sentence is important for what it says about *Frow* in the context of vicarious **liability**, a basis of recovery not at issue in *Frow* or in *In re Uranium*. The logical extension of that final sentence is as follows: if there is a relationship between the parties that requires vicarious **liability,** then a finding of **liability** as to one defendant is *inconsistent* with a finding of no **liability** as to the others. In other words, the *In re Uranium* Court indicated, if only tacitly, that the concerns animating *Frow* may be present in vicarious **liability** cases. *Id.;* but see *Shanghai Automation Instrument Co. Ltd. v. Kuei,* 194 F.Supp.2d 995, 1006-08 (N.D. Cal. 2001) (collecting cases and authorities, and contrasting the Seventh Circuit's

1

District Court Case No.: 2:13-CV-00491

jurisprudence with courts that have applied *Frow* more broadly). That makes sense. After all, joint **liability** is premised on the notion that coordinated activities between multiple parties "render[s] each responsible for the conduct of the others on the familiar grounds of mutual agency or vicarious **liability**." Richard A. Epstein, *Torts* § 9.1 at 222 (1999) (discussing joint **liability** in the context of intentional harm) (citation omitted). IRENE DVORE, Plaintiff, v. JAMES E. CASMAY, SHELDON G. ALDRIDGE, TRACY H. ALDRIDGE, SYED HUMAYUN, AND NORTH COMMUNITY BANK, Defendants, Case No.: 06-CV-3076, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2009 U.S. Dist. LEXIS 6278. **2009.** The Seventh Circuit provided additional guidance on the *Frow* rule, discussing not only the nature of **liability** involved (joint versus several) but also the degree of logical inconsistency. *Marshall & Ilsley Trust Co. v. Pate,* 819 F.2d 806, 811-12 (7th Cir. 1987) (stating, in the context of the case, that it was "not clear" that an affirmative defense should "be applied for the benefit of non-answering defendants"). To be sure, neither *Marshall & Ilsley Trust Co.* nor *Douglas* stands for the proposition that the nature of **liability** is irrelevant to the *Frow* analysis. Yet, the discussion in the *Douglas* case in particular suggests that where vicarious **liability** is at issue, courts should ensure that a **default judgment** is not logically inconsistent with a judgment in favor of another defendant. Id.

In addition, a default judgment is distinctive from a default. A default is a clerical entry entered by the clerk of the court when the defendant has not plead, answered or otherwise defended himself against the plaintiff's complaint for affirmative relief and that failure is shown by an affidavit or other means. Robert Holland has made all the parties aware that he is

District Court Case No.: 2:13-CV-00491

not on the ecf filing system. Filing a Request for the Clerk to Enter Default cannot happen except through reversible error if the record demonstrates that the defendants have responded to the complaint. Also, a party may be held in **default** but entry of a judgment against them may be deferred pending the resolution of the claims.

In addition, Federal Rule of Civil Procedure 55(b)(2) permits the Court, following a defendant's default, to enter a final judgment in a case. Since, there is no matter of right to the entry of a default judgment, and its entry is entirely within this Court's discretion to enter a default judgment or not. Robert Holland cannot be sanctioned simply for requesting a default or default judgment. See Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); Kloepping v. Fireman's Fund, 1996 U.S. Dist. LEXIS 1786, No. C94-2684 TEH, 1996 WL 75314, (N.D. Cal. Feb. 13, 1996). The Court has considerably wide discretion (if not abused) to enter a default judgment. Finally, **Robert Holland firmly believes based upon the Frow Rule, FRCP 12, 54, 55, 56 and the evidence that he has presented in DE #32, #45 and #46 that he is entitled not only to a default judgment but a judgment based on the merits of this case as there is no genuine issue of a material fact and that the Plaintiff Robert Holland is entitled to a judgment as a matter of law.**

**DISCUSSION**

The Default and Default Judgments in this case all flow from the failure of the CEO of Bull Dog Towing and Bull Dog Towing to answer or otherwise defend in this case. In addition, the Default and Default Judgment flow from the misconduct of Kimberly Johnson (Collections Manager of Chrysler Financial, LLC) and the ratification of that conduct by

3

District Court Case No.: 2:13-CV-00491

Chrysler Financial, LLC.

On June 17, 2014, Robert Holland requested that the Clerk enter default against Chrysler Financial, LLC (TDAF), Robert Nardelli, Stephen Feinberg and Cerberus Capital Management, LP, because as of June 16, 2014, these Defendants had not answered or otherwise defended against the plaintiff's complaint nor the CEO of Bull Dog Towing and Bull Dog Towing. **Unbeknownst to Robert Holland at the time of filing the Clerk's Request for Entry of Default on June 17, 2014, a Motion to Dismiss was filed by attorney Mark Stuann on behalf of Defendants Robert Nardelli, Stephen Feinberg and Cerberus Capital Management, LP, and a Notice for Enlargement of Time was filed by Kimberly Johnson (DE #50 par. numbered 5).** It is important to note that these filings were challenged by Holland as being deficient.

It is without question or debate that the CEO of Bull Dog Towing and Bull Dog Towing have failed to answer or otherwise defend in this case. Based on this fact, the Plaintiff Robert Holland, also, filed a Request for Clerk's Entry of Default against the Defendant's CEO of Bull Dog Towing and Bull Dog Towing. The allegations against the Bull Dog Towing Defendants are, therefore, taken as true pursuant to FRCP 55. It is based upon the Default of the CEO of Bull Dog Towing, Bull Dog Towing, Kimberly Johnson and/or Chrysler Financial, LLC, (based upon the default of Kimberly Johnson and/or Bull Dog Towing Defendants) that Robert Holland filed a Request for Clerk's Entry of Default against Defendants Chrysler Financial, LLC (TDAF), Robert Nardelli, Stephen Feinberg and Cerberus Capital Management, LP, based upon various theories of liability (agency, ratification, direct, vicarious and conspiracy liability) and the Frow Rule.

4

District Court Case No.: 2:13-CV-00491

**ANALYSIS**

The Default and Default Judgment requested are based upon an **agency, ratification direct liability, respondeat superior (vicarious) and conspiracy theory of liability** for Chrysler Financial, LLC. These theories apply to the Bull Dog Towing Defendants, Kimberly Johnson (Chrysler Collections Manager) acting on behalf of Chrysler Financial, LLC and Chrysler Financial, LLC's subsequent ratification of their misconduct. (DE #45 and #46 Exhibit – Credit Report demonstrating wrongful payment, repo, auction and damage to credit) The Supreme Court of Indiana has stated that a principal is liable for an agent's wrongful conduct that causes injury to a third party, even when the agent acts solely to benefit himself, if the agent acts with apparent authority. *Am. Soc. of Mech. Engineers, Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 565-66, 102 S. Ct. 1935, 72 L. Ed. 2d 330 (1982); *see also United States v. One Parcel of Land*, 965 F.2d 311, 319 (7th Cir. 1992) Also, "A principal is liable for any misrepresentations of his agent undertaken within the scope of the agency, whether or not the principal has knowledge of the fraud." *Smith v. Brown*, 778 N.E.2d 490, 495 (Ind. Ct. App. 2002) (*citing Mid—Midcontinent Paper Converters, Inc. v. Brady.*, 715 N.E.2d 906, 909 (Ind. Ct. App. 1999)). All cited in ARTHUR PRINGLE III, Plaintiff, v. MARISA GARCIA, et al., Defendants, Case No. 2:09-cv-022-PPS, UNITED STATES DISTRICT COURT FOR THE **NORTHERN DISTRICT OF INDIANA, HAMMOND** DIVISION, 2013 U.S. Dist. LEXIS 20482.

Also, the Default is based upon an **agency, ratification, direct liability, respondeat superior (vicarious) and/or conspiracy theory of liability** for Defendants Chrysler Financial, LLC (TDAF), Robert Nardelli, Stephen Feinberg and Cerberus Capital

District Court Case No.: 2:13-CV-00491

Management, LP. A corporation may be a "person" under RICO. [5] 18 U.S.C. § 1961(3); *Haroco v. Am. Nat'l Bank & Trust Co. of Chicago*, 747 F.2d 384, 400 (7th Cir. 1984), *aff'd*, 473 U.S. 606, 87 L. Ed. 2d 437, 105 S. Ct. 3291 (1985). A corporation acts only through its agents. Under general agency rules, a corporation (principal) will be vicariously responsible for the wrongful acts of its employees (agents) when the acts are: (1) related to and committed within the course of employment; (2) committed in furtherance of the corporation; and (3) authorized or subsequently acquiesced in by the corporation. 10 W. Fletcher, *Cyclopedia of the Law of Private Corporations*, § 4942 at 620-21. (See Liquid Air Corporation, Plaintiff-Appellee, v. Jack R. Rogers, George Michlik and D & R Welding Supply Company, an Illinois Corporation, and Raymond E. Bridges and Bridges Welding Supply & Therapy, Inc., Defendants-Appellants, Nos. 86-3001, 86-3046, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 834 F.2d 1297; 1987 U.S. App. LEXIS 15670.) Also, the actions of executives of corporations have the effect of policy of the corporation. Id.

Stating the above theories of liability, Robert Holland goes even further by providing supporting direct evidence filed Requests for Clerk's Entry of Default (DE #32), Motion for Final Judgment (DE #45) and a supporting Memorandum (DE #46) on June 25, 2014 pursuant to FRCP 12, 54, 55 and 56. In proving his case against the CEO of Bull Dog Towing, Bull Dog Towing and Chrysler Financial, LLC, Robert Holland submitted a copy of a credit report where Chrysler Financial, LLC (TDAF), furnished information to the three major credit bureaus confirming the wrongful repossession of Holland's Chrysler 300. Robert Holland made his payment as agreed (DE #1 complaint) and the credit report (DE #46 Exhibit - Credit Report) establishes that in the prior months Holland was given more time to pay his car note

District Court Case No.: 2:13-CV-00491

than at the time of wrongful repossession/conversion/theft. Also, Robert Holland provides an repair invoice receipt from Bosak Motors and a tow receipt demonstrating (DE #32) that the Chrysler Financial, LLC, (TDAF) breach its warranty by failing to provide any tow service, failing to pay for the tow, not providing a rental car, taking approximately 30 days to have a junk yard part put an ignition switch in his vehicle at an severely exorbitant price of $280 for labor. A new part was agreed to be put in the car pursuant to the warranty, no new part was ever put in the car.(DE #32 and DE #1)

In proving his case against the Chrysler Financial, LLC (TDAF), Robert Nardelli, Stephen Feinberg and Cerberus Capital Management, LP, Defendants Robert Holland submitted information directly from the Cerberus Capital Management website (FRE and IRE 801(d)(2)) demonstrating an **unusually high degree of control over Chrysler Financial, setting tone and policy** for Chrysler Financial, **support (in the scheme, i.e., misconduct surrounding wrongful repo and damage to credit)** provided by Cerberus Capital Management, LP, to the Chrysler Collections Department and **support in the operations** (change in Chrysler Financial, LLC, operations) of the Collections Department of Chrysler Financial, LLC, (DE #1 Complaint)(Proof of Receipt of Summons by Defendants)(DE #32) and ratification of the conduct by Robert Nardelli appointed by Stephen Feinberg founder and CEO of Cerberus.(DE #46 Exhibit – Cerberus website information and 2 letters to Robert Nardelli – nothing done)

**SANCTIONS**

This Court had already ruled on the requests for enlargement and opposing counsel's DE #49 and #50 lack any merit whatsoever. If any sanctions are to be imposed they should be

District Court Case No.: 2:13-CV-00491

against attorney James Todd for Robert Holland having to Reply to the frivolous and late filings of Motions DE #49 and #50. The Plaintiff Robert Holland requests sanctions in the amount of $250 for his time, energy and effort responding to the obdurate filings of attorney James Todd.

## CONCLUSION

There is no genuine issue of a material fact and the Plaintiff Robert Holland is entitled to a judgment as a matter of law pursuant to FRCP 12, 54, 55, and 56. In addition, Robert Holland is entitled to sanctions in the amount of $250 for his time, energy and effort responding to the obdurate filings of attorney James Todd.

Respectfully submitted,

*/s/ Robert M. Holland*

Robert Holland, Pro se

1120 Baker Street

Gary, Indiana 46404

TEL (219) 427-4582

Robert Holland, Pro se

District Court Case No.: 2:13-CV-00491
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**

**CERTIFICATE OF SERVICE**

I certify that on the 1st day of July, 2014, service of a true and complete copy of the above and foregoing pleading or paper was made upon:

**The Clerk of the Court**, United States District Court, 5400 Federal Plaza, Hammond, IN 46320

**Judge Rudy Lozano**
7th Circuit District Court Judge
Northern District of Indiana, Hammond Division
5400 Federal Plaza, Hammond, Indiana 46320
TEL (219) 852-6700

**Jason R. Barclay and Mark D. Stuann**, Barnes & Thornburg, LLP, 11 South Meridian Street, Indianapolis, IN 46204
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), and Robert Nardelli (CEO of Cerberus O & AC, LLC)
TEL (317) 231-7250

**Howard Godnick and Joshua Schonauer**, Schulte, Roth & Zabel, LLP, 919 Third Avenue, New York, New York 10022
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), Robert Nardelli (CEO of Cerberus O & AC, LLC), Chrysler Financial, LLC (aka TD Bank, Group (N.A.))
TEL (212) 593-5955

**James P. Buchholz**, 127 W. Berry Street, Suite 1200, Fort Wayne, Indiana 46802
Attorney for Bosak Motors Auto Dealership, Mr. & Mrs. Skip Bosak (Owners of Bosak Motors Auto Dealership), John Schultheis (General Manager, Bosak Motors), Jonathan Jeffries (Service Manager, Bosak Motors)
TEL (260) 426-0545

**James Todd**, Weltman, Weinberg & Reis Co., LPA, 525 Vine St., Suite 800, Cincinnati, Ohio 45202
Attorney for Chrysler Financial, LLC and Kimberly Johnson (Chrysler Financial Collections/Repossession Unit)
TEL (513) 723-2200

**Robert Holland**, Pro Se, Plaintiff, 1120 Baker Street, Gary, Indiana 46404
TEL (219) 427-4582

9

District Court Case No.: 2:13-CV-00491

____X_____ By depositing in the U.S. Mail properly addressed and with sufficient first class postage affixed or the federal electronic filing system at the office of the clerk.

__________ By personal delivery or fax.

Robert M. Holland III, Pro Se