UNITED STATES DISTRICT COURT
FOR THE NORTHERAN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND,       ) | |
|     Plaintiff,       ) | |
|        ) | |
| v.       ) | |
|        ) | |
| Cerberus Capital Management, LP       ) | |
| Stephen Feinberg (CEO Cerberus Capital       ) | |
| Management, LP), Robert Nardelli (CEO of       ) | |
| Cerberus O & AC, LLC), CEO New Chrysler       ) | |
| Corporation, CEO Old Chrysler Corporation,       ) | |
| Chrysler Financial, LLC (TD Bank, Group       ) | CIVIL ACTION NO.: 2:13-cv-491 |
| (N.A.)), Paul Davis (Supervisor Chrysler       ) | |
| Customer Assistance Team), Kimberly       ) | |
| Johnson (Chrysler Financial Collections/       ) | |
| Repossession Unit), Bosak Motors Auto       ) | |
| Dealership, Mr. & Mrs. Skip Bosak (Owners       ) | |
| Of Bosak Motors Auto Dealership),       ) | |
| John Schultheis (General Manager Bosak       ) | |
| Motors), Jonathan Jeffries (Service Manager       ) | |
| Bosak Motors), Mike Grzbowski (Salesman       ) | |
| Bosak Motors), CEO of Bull Dog Towing and       ) | |
| Bull Dog Towing.       ) | |
|     Defendants.       ) | |

## **DEFENDANTS, BOSAK MOTORS AUTO DEALERSHIP, ET AL.S' MOTION TO DISMISS**

COMES NOW, Defendants, Bosak Motors Auto Dealership, Mr. & Mrs. Skip Bosak, John Schultheis, Jonathan Jeffries, and Mike Grzbowski, through their attorneys, Tourkow Crell Rosenblatt & Johnston, LLP, in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) state as follows:

On December 30, 2013, Robert Holland filed a Verified Complaint against Bosak Motors Auto Dealership, Mr. & Mrs. Skip Bosak, John Schultheis, Jonathan Jeffries, and Mike Grzbowski (hereinafter "Bosak") alleging multiple counts of RICO violations stemming from alleged collusion by the defendants collectively and surrounding his purchase of a 2006 Chrysler 300. As set forth below, each of Plaintiff's three Counts alleging RICO liability on against Bosak Motors fails to allege

1

any facts necessary to form the basis for the relief sought. Plaintiff's Complaint fails to state a claim for which relief can be granted. Accordingly, the Complaint should be dismissed with prejudice.

### PLAINTIFF'S ALLEGATIONS PERTAINING TO BOSAK MOTORS

In October 2007, Plaintiff purchased a 2006 Chrysler 300 (hereinafter "vehicle") and an extended warranty from Bosak Motors. Compl. ¶61. Plaintiff alleges that he relied upon "express representations and warranties" about the Chrysler to his detriment. Compl. ¶¶55-56. Plaintiff alleges that Bosak knew, at the time of sale, that the vehicle "had numerous repeated mechanical problems under normal driving conditions…" Compl. ¶62. Plaintiff also alleges that Bosak had knowledge that the auto industry was beginning to experience "auto and credit 'crisis.'" Compl. ¶63. Plaintiff asserts that the above facts constituted "mail, wire fraud, and bank fraud." Compl. ¶65.

In 2009, Plaintiff alleges that the vehicle needed repairs. Compl. ¶81. Plaintiff alleges that the repairs were delayed substantially. Compl. ¶106. Plaintiff alleges that the delay in getting the car repaired constituted "mail fraud, wire fraud and bank fraud." Compl. ¶116.

### STANDARD OF REVIEW

In the interest of judicial efficiency, Defendant, Bosak, adopts, asserts and realleges the standard of review as set forth in Defendant Cerberus's Memorandum of Law in Support of their Motion to Dismiss in this same captioned case filed on June 17, 2014.

### ARGUMENT

Plaintiff's claims against, Bosak, fail as a matter of law. Plaintiff alleges Bosak violated 18 U.S.C. §1962 (c). 18 U.S.C. §1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." The necessary elements of a RICO

claim under §1962(c) include: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Crissen v. Gupta*, No. 2:12-CV-00355-JMS, 2014 WL 301615, at *6 (S.D. Ind. Jan. 28, 2014). Plaintiff's Complaint fails to allege facts that support the necessary elements of a RICO claim under §1962(c) against Bosak.

Under RICO, an enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. §1961(4). An enterprise must have a "structure," meaning to constitute an enterprise there must be a fashion by which the parts are arranged or put together to form a whole. *See Boyle v. U.S.*, 556 U.S. 938, 945 (2009). Plaintiff alleges that an enterprise exists in this case between all of the named defendants. However, Plaintiff fails to assert any structure or organization by which this alleged enterprise functions. Plaintiff asks this Court to accept preposterous legal conclusions without any explanation as to how his claims are supported by any evidence. Plaintiff also fails to demonstrate the role that each or any defendant played in the alleged enterprise.

Nothing in Plaintiff's Complaint suggests that the defendants sued by the Plaintiff have any connection whatsoever to one another, other than entirely incidental contacts associated with each defendant's individual business functions. Plaintiff's wild assertions that an enterprise consisting of an association-in-fact exists among the defendants is nothing more than a far reaching effort to turn Plaintiff's asserted bad fortune into a conspiracy in violation of RICO. Compl. ¶42. Plaintiff's Complaint has failed to demonstrate the existence of any enterprise.

Plaintiff's Complaint further fails to demonstrate a pattern of racketeering activity. Pattern of racketeering activity is defined to require "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years after the commission of a prior act of racketeering activity." 18 U.S.C. §1961(5). Plaintiff is required to

3

allege a pattern of racketeering activity for each RICO defendant. *See DeFalco v. Bernas*, 244 F. 3d 306 (2d Cir. 2001) ("[T]he requirements of section 1962(c) must be established as to each individual defendant.")

Plaintiff did not plead with specificity any act of racketeering. Instead, Plaintiff generally alleged instances where he claims without support that racketeering took place. Compl. ¶65,¶116. He fails to specifically enumerate what conduct by which defendant constituted the racketeering activity. Compl. ¶65, ¶116. The Plaintiff lumps defendants together and fails to plead with specificity how the alleged harms rose to the level necessary to satisfy the requisite act of racketeering. Plaintiff's Complaint has failed to demonstrate that Bosak engaged in a pattern of racketeering activity.

Plaintiff appears to be basing his allegations regarding the alleged racketeering activity upon claimed acts of mail, wire and bank fraud. Each of the claimed acts constituting racketeering activity are claims rooted in fraud. When pleading a claim rooted in fraud, the plaintiff must meet the heightened pleading standard of Rule 9(b). Rule 9(b) requires the party alleging fraud to state with particularity the circumstances constituting fraud. Plaintiff fails to plead the alleged acts of fraud with particularity.

Plaintiff, instead, lumps all of his alleged facts together and claims they amount to "mail fraud, wire fraud, and bank fraud." Compl. 116. Plaintiff fails to separate out specific acts demonstrating how each act constitutes mail, wire or bank fraud. Plaintiff further fails to separate particular defendants from one another to plead with specificity who committed which alleged act of mail, wire or bank fraud. Plaintiff's lack of specificity within his Complaint fails to satisfy Rule 9(b) and therefore, Plaintiff's claims with regard to mail, wire and bank fraud must fail.

Finally, Plaintiff has sued Bosak in an action pending in the Lake County Superior Court, Cause No. 45D09-0904-SC-01180 asserting allegations which stem from the same cause of action as

4

the one Plaintiff alleges in this action. As a result, any remaining state court claims that are not disposed of by way of the RICO claims can be more appropriately resolved in the Lake County Superior Court action.

## **CONCLUSION**

It is clear, by examining the Complaint on its face, that Bosak's actions with regard to this Plaintiff do not rise to the level of constituting RICO violations. Plaintiff's wild assertions cannot even begin to satisfy his burden of establishing valid claim pursuant to 18 U.S.C. §1962. Because Plaintiff's claims do constitute RICO violations, this Court should dismiss Counts I, II and III of Plaintiff's Complaint with prejudice in its entirety as these counts pertain to Bosak. To the extent that any state court claims survive this Motion to Dismiss, those counts should be dismissed on the basis that the same action is pending in another state court of this state involving both Plaintiff and Bosak.

Respectfully submitted,

**TOURKOW CRELL ROSENBLATT & JOHNSTON, LLP**

s/ James P. Buchholz
James P. Buchholz, #17023-02
127 W. Berry Street, Suite 1200
Fort Wayne, Indiana  46802
Telephone:  (260) 426-0545
**jbuchholz@tcrjlaw.com**
*Counsel for Defendant,*
*Bosak Motors Auto Dealership et al*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 14th of July, 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing is being served electronically or by U.S. Mail to the following:

Robert M Holland III, 1120 Baker Street, Gary, IN 46404
Michael P. Herzoff, mherzoff@wetlman.com
James J. Todd, jtodd@weltman.com
CEO Old Chrysler, c/o CEO Chrysler, 2777 Inkster Road, Farmington Hills, MI 48334
Paul Davis (Spv. Chrysler Customer Service) c/o CEO Chrysler, 2777 Inkster Road, Farmington Hills, MI 48334
Owner/CEO Bulldog Towing, 641 Joliet Street, Dyer, IN 46311
Bulldog Towing c/o Owner/CEO, 641 Joliet Street, Dyer, IN 46311
Jason R. Barclay, jason.barclay@btlaw.com
Howard O Godnick PHV, howard.godnick@srz.com
Joshua R. Schonauer PHV, Joshua.schonauer@srz.com
Mark D. Stuaan, mstuaan@btlaw.com

                                              s/James P. Buchholz
                                              James P. Buchholz