UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ROBERT HOLLAND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 2:13-CV-00491-RL-JEM |
| | ) | |
| CERBERUS CAPITAL | ) | |
| MANAGEMENT, L.P., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### CERBERUS DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT

Cerberus Capital Management, L.P., Robert Nardelli, and Stephen Feinberg (together, the "Cerberus Defendants"), by and through their counsel, respectfully submit the following Reply in Support of Their Motion to Dismiss Plaintiff's Verified Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) and (b)(2) (Dkt. No. 28) ("Motion"), and Memorandum of Law in Support of Their Motion to Dismiss (Dkt. No. 29) ("Memorandum"), and in opposition to Plaintiff's Response to the Motion to Dismiss (Dkt. No. 58) ("Response"):

Although Plaintiff's latest submission in this case purports to be a Response to the Cerberus Defendants' Motion and Memorandum, it is anything but responsive to the arguments raised. Instead, Plaintiff has confronted this Court with a disorganized rehash of conclusory statements from his Complaint (Dkt. No. 1) and new, baseless factual assertions that are nowhere to be found in the Complaint, all the while purporting to be entitled to a liberal construction of his

pleadings despite the implausibility of his allegations. Yet Plaintiff's Response fails to demonstrate that his Complaint is sufficient to survive the numerous fatal deficiencies addressed in the Cerberus Defendants' Memorandum. Indeed, the only thing that remains clear is that this case is nothing more than one man seeking revenge for a repossessed car through a far-fetched garden variety fraud allegation masquerading as a federal RICO claim.[1] As demonstrated in the Cerberus Defendants' Memorandum, and as further explained below, each of the Counts in Plaintiff's Complaint—premised on Federal RICO under 18 U.S.C. §§ 1962(a), 1962(c) and 1962(d) and corresponding Indiana Civil RICO statutes, respectively—fails to state a claim for relief; accordingly, the Complaint should be dismissed with prejudice and without leave to amend.

## I. PLAINTIFF, A TRAINED LAWYER, IS NOT ENTITLED TO HAVING HIS COMPLAINT LIBERALLY CONSTRUED.

First, Plaintiff has urged this Court that, as a *pro se* Plaintiff, he is entitled to a liberal construction of his Complaint. (Response at 2.) The Cerberus Defendants acknowledge the general proposition that "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014). However, when the *pro se* litigant is a former attorney, as is

---

[1] Plaintiff's grievance is the type of complaint that belongs in State Court, if it belongs anywhere. Along that line, it is telling that Plaintiff has sued Defendant Bosak Motors Auto Dealership in Lake County Superior Court and has asserted "allegations which stem from the same cause of action as the one [he] alleges in this action." *See* Bosak Motors Auto Dealership Motion to Dismiss (Dkt. No. 57) at 4-5.

the situation here, courts in this Circuit have held that the plaintiff "has only the most tenuous claim to the more forgiving pleading standards." *Weston v. Illinois Dept. of Human Services*, 433 Fed. App'x 480, 482 n.1 (7th Cir. 2011). Thus, to the extent that the Plaintiff asks the Court for leniency in assessing the sufficiency of his Complaint, the Court should not be so forgiving. This is especially true when Plaintiff purports to have been an attorney in Indiana "at all material times relevant in [his] complaint" (Compl. ¶ 6),[2] and has had ample opportunity as an experienced RICO Plaintiff in this Court to better understand what is required in filing a non-frivolous RICO complaint. *See, e.g., Holland*, 2013 U.S. Dist. LEXIS 131793, at *13-14 (dismissing Amended Complaint, noting that under Rule 12(b)(6) the same Plaintiff as here "failed to plausibly plead either the existence of a criminal enterprise under 18 U.S.C. § 1962(c), or an agreement substantiating a conspiracy under 18 U.S.C. § 1962(d)").

## II.    PLAINTIFF HAS FAILED TO ADDRESS DISPOSITIVE ARGUMENTS RAISED IN THE CERBERUS DEFENDANTS' MEMORANDUM.

The Cerberus Defendants' Memorandum highlighted a number of material deficiencies in Plaintiff's Complaint, any one of which alone would be grounds for

---

[2] The Plaintiff's own Complaint indeed seems to undercut his argument that he is entitled to the lenient standard the Court would typically apply to a *pro* se plaintiff. He openly admits that he is a trained attorney, and specifically pleads that he was "an attorney that practices law in the State of Indiana" during "all material times relevant to this complaint." (Compl. ¶ 6; *see also id.* ¶¶ 125, 129, 144, 150-51, 185 (defining the time parameter of this litigation from 2007 until December 2013).) However, Plaintiff has perhaps misled the Court since it appears that his license to practice law was suspended in October 2009 and has not been reinstated. *Holland v. Lake County Municipal Govt.*, 2013 U.S. Dist. LEXIS 131793, at *8 n.1 (N.D. Ind. Sept. 6, 2013); *https://courtapps.in.gov/rollofattorneys/*.

dismissal of this frivolous action. But rather than address the substance of those arguments, Plaintiff's Response merely repeats the same kind of conclusory statements that filled his Complaint, and his failure to offer substantive responses compels dismissal of his Complaint.

> A. <u>Plaintiff Has Not Adequately Pled Any Predicate Acts of Racketeering Activity Against the Cerberus Defendants.</u>

As the Cerberus Defendants argued in their Memorandum, Plaintiff has failed to plead that *any one* of the Cerberus Defendants committed even a single predicate act of racketeering activity themselves, and therefore they cannot be liable as RICO defendants. (Memorandum at 8-12.) Although Plaintiff makes general allegations of statements he characterizes as fraudulent misrepresentation, mail and wire fraud, and money laundering against other Defendants, he does not plead even one alleged fraudulent statement as being attributable to any of the Cerberus Defendants. Though Plaintiff lists nearly two full pages of alleged fraudulent activity (the detail of which is completely absent from the Complaint), he fails to address how the Cerberus Defendants committed or participated in even one of the alleged frauds. (*See* Response at 13-14.) It can hardly be argued that without alleging a defendant has committed a predicate act of racketeering, there can be any basis for RICO liability. *See Pringle v. Garcia*, 2014 WL 1651976, at *4 (N.D. Ind. Apr. 23, 2014) (dismissing RICO claim where plaintiff failed to plead that defendant *personally committed* requisite predicate acts).

In his Response, Plaintiff is unable to refute the Cerberus Defendants' argument that none of them was even alleged to have personally committed a single act of racketeering activity, and can do little more than attempt to implicate them by alleging in general terms that they "pulled the strings" of the allegedly fraudulent activities, making them accountable under theories of agency, *respondeat superior*, or corporate veil piercing. (Response at 18.) Yet Plaintiff has also failed to plead any facts that would establish any of those kinds of relationships among the Defendants, and his Response is void of any legal support for his new assertion.[3] Plaintiff merely claims that "[a]ll the Defendants are corporate entities or executives and/or operated and managed the affairs of the enterprise or acted at the direction of upper wrung Defendants intentionally committing the predicate acts stated above." (Response at 5.) Plaintiff further asserts that some Defendants "'visibly performed' the fraudulent activity" and that other Defendants (presumably the Cerberus Defendants) "pulled the strings." [4] (Response at 9 &18.)

Although piercing the corporate veil may be appropriate or necessary when an individual attempts to hide his personal activities behind the façade of a corporation or when one entity tries to conceal its conduct behind the mask of a

---

[3] On this point, Plaintiff's reliance on *Liquid Air Corp. v. Rogers*, 837 F.2d 1297 (7th Cir. 1987) is truly baffling. Plaintiff cites that case to stand for the proposition that "Chrysler and Chrysler Financial, LLC, accepted the benefits of its employees and agents['] wrongdoing, ratified and/or acquiesced the misconduct." (Response at 19.) However, that case contains no discussion addressing that concept; indeed, the section Plaintiff directs the Court to contains an analysis on the element requiring a pattern of racketeering in a RICO claim.

[4] Notably, a case that Plaintiff relies on in his brief suggests that allegations that a party "pulled the strings" is insufficient to satisfy heightened pleading standards required for fraud under the RICO statute. *See Cox v. Sherman Capital LLC*, 2014 WL 1328147, at *5 (S.D. Ind. Mar. 31, 2014). For more discussion on Plaintiff's failure to meet the heightened pleading standard for his fraud claims, *see supra* Section II.A.2.

shell corporation, the Plaintiff has not asserted a fact pattern where veil piercing is appropriate or even an available remedy.[5] Plaintiff has also failed to establish or indeed plead facts that evidence either an agency or *respondeat superior* relationship between Cerberus Defendants and the other Defendants.

But even if Plaintiff were correct in his assessment that his allegations could somehow include the Cerberus Defendants (and he is not), the fact remains that Plaintiff has failed to adequately plead any instance of racketeering activity against *any* of the Defendants. (Memorandum at 10-12.) To support their argument that the Complaint is inadequately pled, the Cerberus Defendants explained that the various bad acts that the Plaintiff complains of are (1) not enumerated racketeering activity under the federal RICO statute; (2) are subject to the heightened pleading standard of FRCP 9(b), which the Plaintiff did not meet in his Complaint; or (3) as related to any claim of money laundering, is legally and factually unsupported. The Response does not cure—or even properly address—these issues.[6]

---

[5] In fact, in order for a veil piercing theory to apply to this case, Plaintiff must have pled the substantive factors of veil piercing. *See Cox*, 2014 WL 1328147, at *5-6 (dismissing veil piercing claims where substantive factors not pled). The Complaint lacks these allegations.

[6] Even though Cerberus Defendants address Plaintiff's assertions regarding bank fraud and money laundering (*e.g.*, Memorandum at 9 n.4, 12), Plaintiff incorrectly contends in his Response that the Cerberus Defendants "omit any reference to the bank fraud and money laundering committed by the Defendants which require mail and/or wire fraud to be completed." (Response at 17). In spite of clear authority to the contrary discussed by Cerberus Defendants (*e.g.,* Memorandum at 9 n.4 & 5), Plaintiff persists in asserting that unlawful debt collection, conversion, and others are predicate acts for purposes of RICO. (Response at 10, 12, & 13-14). In addition, Plaintiff argues in his Response that Cerberus Defendants have not addressed the Fair Debt Collection Practices Act raised in the Complaint. (Response at 9.) However, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* are not listed as "racketeering activity" under 18 U.S.C. § 1961(1), and therefore, cannot be the basis for a RICO suit under Sections 1962(a), (c) or (d).

1. **Many of Plaintiff's Alleged Bad Acts Are Not Statutory "Racketeering Activity."**

As the Cerberus Defendants pointed out, a number of the alleged acts giving rise to Plaintiff's RICO claim are not proper "racketeering activity" as defined by 18 U.S.C. § 1961(1). (Memorandum at 9 n. 5.) In response, Plaintiff merely offers that his predicate acts were "clearly stated in the Complaint…and included mail fraud, wire fraud, bank fraud, extortion, intimidation, unlawful collection of debt, harassment, fraud, conversion, etc." and assures that "Indiana Civil RICO requir[es] less stringent claims." (Response at 12.)

While it may be the case that Plaintiff offered a laundry list of band acts, both federal and Indiana Civil RICO (even if less stringent) still only include specific offenses as racketeering activity giving rise to predicate acts.  *See* 18 U.S.C. § 1961(1), Ind. Code § 35-45-6-1(3).  Plaintiff's allegations of claims sounding, for instance, in extortion, intimidation, unlawful collection of a debt, harassment, general fraud, and conversion are either not included in the defined terms under either statute, or they are inadequately pled and give no notice for the basis of the claim.

2. **Plaintiff Failed to Plead Mail and Wire Fraud With Particularity.**

The Cerberus Defendants also argued that the Plaintiff failed to meet his obligations to plead with particularity as required by FRCP 9(b) in connection with mail and wire fraud. (Memorandum at 10-12.) In the Response, Plaintiff argued that he met his obligation because he "gave his personal knowledge of the mail and

wire fraud" even though he could not provide any specifics because "[o]bviously, a person does not keep information about every person they communicate with." Obviously, Plaintiff has misunderstood his pleading obligations.

The law places more stringent requirements on a plaintiff when alleging fraud in a RICO case: "allegations of fraud in a civil RICO claim are subject to the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), which requires a plaintiff to plead all allegations of fraud with particularity," which in turn requires specific allegations as to "the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001); *Mervyn v. Atlas Van Lines, Inc.*, 2013 U.S. Dist. LEXIS 146840, at *9 (N.D. Ill. Oct. 2, 2013) (citing *Slaney,* 244 F.3d at 597); *see also Pringle v. Garcia*, 2014 WL 1651976, at *3 (citing *Slaney,* 244 F.3d at 597, and *Kaye v. D'Amato*, 357 Fed. Appx. 706, 710 (7th Cir. 2009)).[7] Plaintiff's assertion that he "gave his personal knowledge of the mail and wire fraud to put Defendants on notice of what his claims were so that they

---

[7] None of the three Counts of the Complaint makes reference to a specific date or dates, or specific conduct of specific Defendants, yet each Count purports to incorporate prior paragraphs of the Complaint. (Compl. ¶¶ 189, 191 & 194). Pleading by incorporating over 100 paragraphs does not satisfy Rule 8(a)(2)'s requirement of "a short and plain statement of the claim", and especially fails to meet Rule 9(b)'s requirement of particularity when alleging fraud. *See e.g., Arnold v. Alphatec Spine, Inc.*, 2014 U.S. Dist. LEXIS 87079, at *36 n.15 (S.D. Ohio June 26, 2014) ("incorporation into a single claim of approximately 100 incoherently pled paragraphs wholly fails to provide 'a short and plain statement of the claim"; citing Fed. R. Civ. P. 8(a)(2)); *Sterling National Mortgage, Co., Inc. v. Infinite Title Solutions, LLC,* 2011 U.S. Dist. LEXIS 35051, at *14 (S.D. Fla. Mar. 4, 2011) ("even if [the Court] were able to find the makings of a conspiracy somewhere within the 217 paragraphs [plaintiff] incorporates by reference in [the RICO conspiracy count], it would be insufficient to satisfy [plaintiff's] obligations under Rule 9(b)").

could defend themselves" (Response at 18) is akin to the Plaintiff saying that he has complied with a "notice pleading standard" when a heightened standard of pleading is required. Also, an assertion that the instances of mail fraud are "too numerous to count" (Response at 14) is about as far from pleading with particularity as one can get.[8]

Alas, the Courts have held that giving all of one's personal knowledge is not necessarily enough in the context of pleading fraud. "One of the purposes of the heightened pleading requirements in Rule 9(b) is to prevent 'fishing expeditions,' so to excuse [a Plaintiff's] failure to include the requisite information in the Complaint because [he] lack[s] information that would otherwise be unearthed in discovery would defeat the purpose behind the rule." *Cox*, 2014 WL 1328147, at *5 (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)). Plaintiff may be hoping to get a "fishing license" from the Court when he contends that his Complaint "makes the parties aware that this information is in possession of the defendants." (Response at 16.) However, the Court should not take this bait and permit Plaintiff to circumnavigate the Rules of Civil Procedure.[9]

---

[8] In addition, Plaintiff's interpretation of the law on this point is also misguided. For instance, wire fraud requires an interstate communication. 18 U.S.C. § 1343; *Midwest Grinding Co. Inc. v. Spitz*, 976 F.2d 1016, 1024 n. 7 (7th Cir. 1992). To the extent Plaintiff attempts to allege instances of wire fraud (*e.g.,* Response at 14, regarding an alleged call from Bosak Motors to Plaintiff about completion of work on the car), those allegations fail to state a claim because they do not allege an interstate communication. For example, Plaintiff asserts, in part, that wire fraud occurred at the "Bosak Motors Auto Dealership", which he asserts is located in Merrillville, Indiana (Compl. ¶¶ 15, 16, 17, 18 & 19), by means of "telephone, fax, electronic, email, . . . and electronic communications." (Compl. ¶ 176).

[9] Plaintiff has failed to meet his pleading obligations in one other way. In at least two places in his Complaint, after reciting various assertions of predicate acts or violations of law by Defendants generally, Plaintiff ends the list with "etc." or "various theories of common law and negligence." (*See*

### 3.   Plaintiff Has Not Alleged Money Laundering Claim.

To the extent Plaintiff would include money laundering as a predicate act of racketeering activity giving rise to RICO liability on behalf of the Cerberus Defendants (against whom Plaintiff does not even assert a count of money laundering), Plaintiff's Response fails to cure the deficiencies raised by the Cerberus Defendants. (Memorandum at 12.)

The Response would have this Court believe that Cerberus can be liable for a money laundering act of another Defendant merely by knowing about it. (Response at 20-21.)   But true to his blitzkrieg approach, Plaintiff struggles to identify appropriate "specified unlawful activity" and raises, for the very first time, an argument bafflingly rooted in the Travel Act. (*Id.*)  Either way, the fact remains that Plaintiff has not pled facts giving rise to a money laundering claim.  Money laundering requires either a "financial transaction" (18 U.S.C. § 1956(a)(1)), a "monetary instrument" (18 U.S.C. § 1956(a)(2)) or a "monetary transaction" (18 U.S.C. § 1957(a), which in turn requires a "financial institution").  All of those terms have specific definitions (18 U.S.C. §§ 1956(c)(4), 1956(c)(5), 1957(f)(1)), and none of those definitions encompass the "laundering [of a] car at auction for a not fair value" (Response at 22) or "**launder**[ing] the stolen property [Plaintiff's vehicle] at an auction." (Response at 8) (emphasis in original).

---

Compl. ¶ 183, *id.* at 35 ¶ a; *see also* Response at 20.)  Ending a list with "etc." or referring to "various theories" of law satisfies neither Rule 8 nor Rule 9 pleading requirements.

### B.  <u>Plaintiff Has Not Adequately Alleged a RICO "Enterprise."</u>

The Cerberus Defendants also argued that the Plaintiff failed to demonstrate the presence of a RICO enterprise in his Complaint. (Memorandum at 13-16.) In the Response, Plaintiff argues that his Complaint adequately alleges a RICO enterprise because he demonstrates a "family resemblance to the paradigmatic RICO case." (Response at 2-5.) Bare, blanket assertions aside, Plaintiff has made no such proper allegation.

A RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An enterprise is something more than just a conspiracy, even if it involves multiple, sometimes unrelated parties. *See Fitzgerald v. Chrysler Corp.*, 116 F.3d 225, 228 (7th Cir. 1997). When an enterprise is alleged to consist of an association-in-fact, it must contain three key structural elements: (1) a purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose. *See Boyle v. U.S.*, 556 U.S. 938, 946 (2009).

The Response provides no greater clarity than was provided in the murky Complaint to satisfy the required elements of a RICO enterprise. At best, Plaintiff has copied and pasted language directly from case law in an attempt to fit his allegations into the legal framework. Unfortunately, this is a case of tell, not show: the Plaintiff may be able to point the Court to the law, but his bald allegations and his repeated assurances that his claim is a prototypical RICO enterprise cannot be

countenanced where he does not adequately plead the basic elements—including a relationship between all of the Defendants that would demonstrate a RICO enterprise here.

What's more, Plaintiff appears to have missed the point of the Cerberus Defendants' reliance on *Fitzgerald v. Chrysler Corp.*, 116 F.3d 225 (7th Cir. 1997). (Response at 3.) *Fitzgerald* plainly demonstrates that where, like here, a "large, reputable manufacturer deals with its dealers and other agents in the ordinary way," there is not a RICO enterprise. (*Id.* at 228; *see also* Memorandum at 14-15.) Yet here, Plaintiff has reached too far in his attempt to distinguish this case from *Fitzgerald* (*see* Response at 3), when in fact the two cases make strikingly similar allegations, specifically in the context of warranty fraud against Chrysler and arguing that its dealers and affiliates were part of a RICO enterprise. The *Fitzgerald* Court did not find an enterprise where Chrysler dealt with organizations down the chain in the "ordinary way." *See Fitzgerald*, 116 F.3d at 228. The same analysis applies here.

Indeed, it is Plaintiff's reliance on *Hosseini* that seems misplaced. In that case, the Court found that there was a clear money laundering enterprise whereby the owner of a used car dealership assisted drug dealers with illegitimate in-house financing, doctored sales contracts, ignored IRS reporting obligations, and received large payments in laundered drug money. *See U.S. v. Hosseini*, 679 F.3d 544, 549 (7th Cir. 2012). Certainly Plaintiff here has not pled facts that come anywhere close

to approaching this type of prototypical RICO case such that this Court could infer any association-in-fact among the Defendants.

### C. Plaintiff Has Failed To Allege That All Defendants Conducted the Affairs of a RICO Enterprise.

The Cerberus Defendants also pointed out Plaintiff's deficient pleading because he failed to allege that the Defendants conducted or participated in the conduct of the affairs of the purported association-in-fact. (Memorandum at 16-18.) In an attempt to rebut the Cerberus Defendants' argument, Plaintiff tells the Court that his Complaint "reveals how the communications and/or actions were undertaken on behalf of the *enterprise* as opposed to on behalf [of] the Defendants in their individual capacities, to advance their individual self-interests." (Response at 5 (emphasis in original).) Yet again, the Plaintiff fails to do much more than repeat blanket statements and concoct fantastical conspiracy arrangements. Ultimately, without more, these allegations—for instance, suggesting that "[t]he Bosak Defendants purposely provided excuses for Chrysler, delayed the repair of Holland's vehicle past 30 days in an attempt to get a Chrysler part knowing Chrysler was in financial trouble" (Response at 7)—border on the absurd and utterly fail to adequately allege concerted actions on behalf of a RICO enterprise.

### III. PLAINTIFF HAS FAILED TO PLEAD AN AGREEMENT TO CONSPIRE.

The Cerberus Defendants also noted that Plaintiff's claims under 18 U.S.C. § 1962(d) must fail because he made no allegations in his Complaint demonstrating that the Defendants made an agreement to conspire to commit RICO violations.

(Memorandum at 21-22.) Plaintiff's Response chooses to gloss over this piece of hornbook law.

It is indisputable that in order to entertain a claim under § 1962(d), a plaintiff must allege "(1) that each defendant agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity and (2) that each defendant further agreed that someone would commit at least two predicate acts to accomplish those goals." *See Lachmund v. ADM Investor Servs., Inc.*, 191 F.3d 777, 784 (7th Cir. 1999). Although Plaintiff does not dispute that, he instead focuses the Court's attention on how many predicate acts are necessary to find conspiracy and whether a member of an enterprise must *act* on a predicate act of racketeering activity to be liable for conspiracy. (Response at 22-23.) But this puts the cart before the horse: nowhere are the facts of an agreement alleged in the Complaint. For that reason alone, Count III should be dismissed.

### IV. PLAINTIFF HAS FAILED TO DEMONSTRATE THAT HIS ALLEGATIONS ARE PLAUSIBLE.

Of the arguments in the Memorandum that the Plaintiff chose to ignore, Plaintiff's inability to provide any support that his claims are plausible is most glaring. Indeed, the best Plaintiff can do is testify to his own credibility, stating that his claims are plausible but failing to demonstrate *why* they are plausible. (*See, e.g.*, Response at 11, 15.)

To survive a motion to dismiss under Rule 12(b)(6), a Complaint must present sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *United Food & Commer. Workers Union & Emplrs. Mw. Health Benefits Fund v. Walgreen*, 719 F.3d 849, 853 (7th Cir. 2013) (plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully" (citations and internal quotation marks omitted)). A plaintiff's assertions that the "facts of the complaint accepted as true are plausible", no matter how earnestly or how often that assertion is made (*see e.g.,* Response at 15, 16), does not transform the wholly implausible into the plausible.

"A claim is facially plausible when the alleged facts allow the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged" and making that determination "is a context-specific task" requiring the Court "to draw on [it's] [*sic*] *judicial experience and common sense.*" *Evan v. JP Morgan Chase Credit Cards*, No. 2:10-cv-246, 2011 WL 23946134 at *4 (N.D. Ind. July 21, 2011) (Lozano, J.) (internal citations and quotation marks omitted) (emphasis added). It is respectfully submitted that based on this Court's experience and common sense there is no reasonable inference that the Cerberus Defendants are liable, and therefore, Plaintiff's RICO claims are not plausible and should be dismissed.

*   *   *   *   *

For the reasons set forth more fully in their Motion and Memorandum, and as set forth above, Cerberus Defendants respectfully move the Court to dismiss Plaintiff's Verified Complaint, with prejudice and without leave to amend.

Respectfully submitted,

<u>*s/ Mark D. Stuaan*</u>
Jason R. Barclay
Mark D. Stuaan
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone: 317/236-1313
Facsimile: 317/231-7433
E-Mail: jason.barclay@btlaw.com
E-Mail: mark.stuaan@btlaw.com


Howard O. Godnick (*pro hac vice* entered 6/26/14)

Joshua R. Schonauer (*pro hac vice* entered 6/26/14)

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Tel.    (212) 756-2000
Fax    (212) 593-5955
Email:  howard.godnick@srz.com
Email:  joshua.schonauer@srz.com

Attorneys for Defendants Cerberus Capital Management, L.P., Stephen Feinberg and Robert Nardelli

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of July, 2014, a copy of the foregoing was filed electronically and has been served on all counsel of record by the Court's ECF filing system.

Additionally, a copy of the foregoing was sent to the following *pro se* Plaintiff by depositing the same in the United States mail, first class, postage prepaid:

>Robert Holland
>1120 Baker Street
>Gary, IN 46404

>*s/ Mark D. Stuaan*
>Mark D. Stuaan