IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Robert Holland, | Case No. 2:13-cv-00491-RL-JEM |
| Plaintiff, | Honorable Rudy Lozano |
| | Magistrate Judge John E. Martin |
| vs. | |
| Cerberus Capital Management LP, et al., | |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS

Defendants Kimberly Johnson and TD Auto Finance LLC, Successor in interest to Chrysler Financial LLC ("TDAF") through its designated counsel, move the court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint herein for failure to state a claim.

In further support hereof is the attached memorandum in support.

Respectfully submitted,

/s/Michael P. Herzoff
Michael P. Herzoff (P41662)
Attorney for Defendants TDAF and Johnson
Weltman, Weinberg & Reis Co., L.P.A.
2155 Butterfield, Suite 200-S
Troy, MI 48084
Phone: (248) 989-3088
Fax: (248) 876-3197
E-mail: mherzoff@weltman.com

Dated: July 24, 2014

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been electronically filed with the Clerk of Court on July 24, 2014 and served upon the following counsel of record and/or *pro se* parties via United States Mail, postage prepaid:

Robert Holland
1120 Baker St.
Gary, Indiana 46404

/s/Michael P. Herzoff
Michael P. Herzoff

Weltman, Weinberg & Reis Co., LPA
2155 Butterfield, Suite 200-S
Troy, MI 48084
Phone: (248) 989-3088
Fax: (248) 876-3197
E-mail: mherzoff@weltman.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| Robert Holland, | Case No. 2:13-cv-00491-RL-JEM |
| Plaintiff, | Honorable Rudy Lozano |
| | Magistrate Judge John E. Martin |
| vs. | |
| Cerberus Capital Management LP, et al., | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants Kimberly Johnson ("Johnson") and TD Auto Finance LLC, successor in interest to Chrysler Financial Services Americas LLC ("TDAF") (TDAF and Johnson, collectively, "TDAF Defendants") hereby submit this memorandum in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

Apparently Robert Holland ("Holland") is not a stranger to this court nor to counsel for the Defendants. Moreover, it appears as though he has made a habit of filing RICO claims which have been summarily dismissed by this court.

The targets of Holland's ire this time are the dealership from which he purchased a 2006 Chrysler 300, the company that manufactured it and the company that financed it, along with the towing company who repossessed it when he failed to pay for it. In only what can be classified as a long tale of woe, Holland has pieced together a story in which all of the Defendants have joined together to cause harm to him. The legal glue by which Holland hopes to hold these Defendants together and liable for damages sounds in three different provisions of the Federal

RICO Statutes. However, Holland has failed to allege any facts that could plausibly form the basis for RICO liability against any of the Defendants including these responding Defendants, Johnson and TDAF. Inasmuch as Holland is unable to state claims against these answering Defendants, the complaint should be dismissed with prejudice.

## FACTUAL ALLEGATIONS

According to his complaint, Holland purchased a 2006 model year Chrysler 300 plus an extended warranty from Bozak Motors, a Defendant herein, located in Merrillville, Indiana and obtained financing for this vehicle through TDAF. Compl. ¶¶ 53, 61. Holland claims certain representations were made by the salesman at Bozak concerning the financial condition of the manufacturer and the dependability of the automobile. *Id.* at ¶¶ 54 – 55, 61.

Holland alleges that in February of 2009 his vehicle was towed back to Bozak for a repair to its ignition switch where his car remained for a month and after such time it was repaired using a reclaimed part. *Id.* at ¶¶ 81, 106. The next pivotal event for Holland was in July of 2010 when his Chrysler 300 was repossessed by Bulldog Towing, also a Defendant, at the direction of TDAF. Holland alleges that his car was repossessed one day after he had made a payment. *Id.* at ¶¶ 125, 129. Apparently Holland was upset that TDAF chose to sell the vehicle at auction and not compensate him. *Id.* ¶¶ 146 – 147.

From these series of events spread out over approximately four years, Holland alleges that all of the Defendants participated in a conspiracy to obtain money, property and other assets generated by a pattern of racketeering activity.

Indeed, Holland alleges that all of the Defendants "agreed through a conspiracy to engage in two or more acts (pattern) of racketeering activity, directly or indirectly participated (and/or aided in) such activity, in an enterprise of the activities of which effected Interstate Commerce

2

directly causing substantial injury to Robert Holland in his person, business, property and profession through racketeering activity of harassment, intimidation, extortion, mail fraud, wire fraud, bank fraud, money laundering, marketing and advertising fraud, warranty fraud, unlawful collection of a debt . . ., extortion, fraud, harassment, defamation, intimidation, bad faith breach of contract, bad faith breach of warranty, corrupt business influence, wrongful repossession, defamation, unlawful debt collection, efforts and corrupt business influences and practices and various other Federal, State, Common Law and Tort Laws." Compl. unnumbered paragraph 1.

Holland believes that the Defendants "benefited from and the pattern of racketeering activity and conspired to systematically, knowingly, intentionally, fraudulently (through their fraudulent actions, misrepresentations, and omissions) to deprive Robert Holland and others similarly situated of the reasonable, fair and just use of their property and monies. The repeated infliction of economic injury by multiple related schemes demonstrate and establish a pattern of racketeering activity for purposes of civil RICO. . . . [T]he "predicate acts" . . . consist of a sequence of events, over the years, that all have the same in common purpose, and that purpose is to causing (sic) Robert Holland injury to his person, business property (Car Money Warranty and Income, etc.)". . . . Compl. unnumbered paragraph 2.

Specifically Holland alleges that the "Defendants have violated the racketeer influence and corrupt organizations act ("RICO"), 18 U.S.C. § 1962(a)(c) and (d), by participating in one or more of the following relationships between the pattern of racketeering activity and the enterprise: (a) investing the proceeds of the pattern of racketeering activity into the enterprise, and/or (c) conducting or participating in the affairs of the enterprise to the pattern of racketeering activity and and/or (d) conspiring to violate one of the other provisions of RICO." Compl. at ¶ 23. Moreover, Holland alleges that "Defendants have violated the racketeer influence and

corrupt organizations act ("RICO"), 18 U.S.C. § 1962(a)(c) and (d) by, from and/or through the collection of an unlawful debt." Compl. at ¶ 24.

## LEGAL STANDARD

A motion to dismiss should be granted where "it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief" *Lockhart v. U.S.*, 961 F. Supp. 1260, 1264 (N.D. Ind. 1997). And, as the Supreme Court has established, the test is whether or not Plaintiff's allegations contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). The factual allegations in a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544, 555 (2007). A complaint which does not rise above bare bones allegations will not survive a motion to dismiss. ". . . At some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which defendant is entitled under Rule 8 . . ." *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC, f/k/a Cingular Wireless, LLC,* 499 F.3d 663, 667 (7th Cir. 2007).

Moreover, in instances where the Plaintiff has alleged fraud its requirements of particularity must be pled as well. *Slaney v. International Amateur Athletic Federation,* 244 F.3d 580, 597 (7th Cir. 2001). Quite simply Holland has not met either of these standards. His overall complaint is replete with speculation and a devoid of content. Further his claims of fraud are not made with particularity as to time, place or matter. Accordingly, the complaint fails to state a claim for relief against Johnson and TDAF and should be dismissed.

I.  **Holland has failed to state a claim under 18 U.S.C. § 1962(c).**

Holland has weaved a tale encompassing many players including himself, the manufacturer of a vehicle, the financing company for that vehicle, a dealership, and a

4

repossession company over several transactions and indeed over several years to have had a common purpose in their existence as well as in their ultimate purpose to deprive him of money. Other than in his own mind, there is no plausible explanation for how or why these separate entities would conspire to wrong him. The allegations are not factually plausible. Nevertheless, Holland has made a claim for violation of 18 U.S.C. § 1962(c) which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

Therefore a claim under 1962(c) requires a Plaintiff to demonstrate (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Vicom, Inc. v. Harbridge Merchant. Servs. Inc.*, 20 F.3d 771 at 778 (7th Cir. 1994). And indeed, Holland's complaint must allege more than a "formulaic recitation of the elements of the cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

### A. Holland fails to allege an enterprise.

The RICO Statute defines an "enterprise" to include "any individual, partnership, corporation, association or other legal entity and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). In the instant matter is the "association in fact" type of enterprise. The U.S. Supreme Court in *Boyle v. United States*, 556 U.S. 938, 946 (2009) held that an association in fact enterprise under RICO must have a "structure" and must have "at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprises purpose." *Id*. RICO enterprises are not limited to "business-like entities" and they need not have a hierarchal structure or a "chain of command". *Id*. At 947-948.

First, an enterprise's "purpose" defines the reason that the enterprise forms in the first place. It must entail some form of collaborative, coordinated effort to accomplish a truly common end that could not be as effectively pursued individually . . . [T]he enterprise must not only have a purpose, but must also serve a purpose . . . Second, "relationships among those associated with the enterprise" may not simply be any hypothetical relationships existing between one associate and other, but must be sufficient to demonstrate that the various associates are capable of functioning in a coordinated manner, as a continuing unit, to achieve the common purpose. Third, "longevity" merely means that the "relationships" persist long enough to accomplish the "purpose" of the enterprise. Thus defined, these three requirements enforce Boyle's warning that even proof "that several individuals, independently and without coordination, engaged in a pattern of crimes listed as RICO predicates . . . would not be enough to show that the individuals were members of an enterprise." (*Browning v. Flexsteel Industries, Inc.*, 955 F. Supp.2d 900, 912 (N.D. Ind. 2013) (Internal cites omitted).

The complaint herein fails to identify a purpose, relationship, or longevity sufficient to pursue a specific purpose by and among the Defendants. It is difficult to see an enterprise or a structure that engaged in a pattern of racketeering activity from the allegations made by Holland. Even though the structure requirement is not limited to a business-like entity and enterprise participants can come and go, an association in fact enterprise still requires a showing of a "group of persons associated together for a common purpose of engaging in a course of conduct." *Boyle, Id*. These allegations do not indicate how the different actors are associated and do not suggest a group of persons acting together for a common purpose of course of conduct and a dismissal is warranted. *See, Stachon v. United Consumers, Inc.*, 229 F.3d 673, 676 (7th Cir. 2000). Accordingly, this court must dismiss this complaint with prejudice.

6

B.  **The complaint does not show a "pattern" of racketeering activity.**

A Section 1962(c) claim requires that there be a "pattern" of racketeering activity which is an element distinct from the enterprise requirement. *See* generally, *Sedima, S.P.R.L. v. Imrex Company*, 473 U.S.479,496 (1985). The compensable harm in a cause of action under 1962(c) "is the harm caused by predicate acts sufficiently related to constitute a pattern, for the essence of the violation is the commission of those acts in connection with the conduct of an enterprise." *Anza v. Ideal Steel Supply Corporation*, 547 U.S. 451, 457 (2006).

A "pattern" of racketeering activity consists of at least two predicate acts of racketeering committed within a 10-year time period. 18 U.S.C. § 1961(5). The complaint must allege a pattern of racketeering activity for each individual RICO defendant. See, *Defalco v. Burness*, 244 F.3d 286, 306 (2d Cir. 2001). In this instance with respect to TDAF and Johnson, the core factual allegations are that Holland made a payment but his car was nevertheless repossessed and after the repossession the car was sold at an auction and he was not provided any compensation for the sale of the vehicle. Holland alleges breach of the contract between him and TDAF, trespass, breach of the peace, wrongful repossession and theft. Without explanation, he then elevates these alleged civil wrongs into theft, mail fraud, wire fraud and bank fraud. However, all of the alleged wrongful activity by TDAF and Johnson arises out of one specific event and that is the repossession of his vehicle. No other acts are alleged. No pattern of activity is alleged. Thus a fundamental flaw here is that Holland has failed to establish a "pattern" of racketeering activity. Thus, the court should dismiss the complaint with prejudice.

C.  **Holland has not adequately pled allegations of "racketeering activity".**

The Federal RICO Statute is very specific as to what activity constitutes "racketeering activity". The statute at 18 U.S.C. § 1961 identifies with specificity the violations of law which

7

constitute "racketeering activity". And, the Seventh Circuit has ruled that allegations of racketeering activity which are not enumerated under Section 1961(1) will be dismissed. *McDonald v. Schencker,* 18 F.3d 491, 495 (7th Cir. 1994). So to the extent that Holland has asserted that Johnson and/or TDAF have committed extortion, trespass, wrongful repossession, or theft, such potential violations of law do not rise to the level of racketeering activity proscribed by the RICO Statute. Accordingly, those activities cannot be the basis of any allegation that Johnson or TDAF committed RICO violations.

The allegations of mail fraud, wire fraud, and bank fraud do not fare any better even though they are among the enumerated racketeering activity provisions of Section 1961(1). Each of those allegations of wrongdoing must have, as a part of their support, an allegation of fraud. As such, the Rule 9 requirements of particularity must be pled. Indeed, where predicate acts of fraud are alleged, courts require that the moving parties specify the time, place, and content of which any alleged false representation, the complete nature of the transaction, the manner in which the fraud or misrepresentation was perpetrated, and the respects in which the moving party was damaged thereby. *Lucas-Cooper v. Palmetto GBA,* (206 U.S. Dist. LEXIS 77575), 28 quoting *Goren v. New Vision International,* 156 F.3d 721, 726 (7th Cir. 1998) (quoting *Midwest Grinding Company v. Spitz,* 976 F.2d 1016, 1020 (7th Cir. 1992)). Indeed, the Seventh Circuit case law has established that mail and wire fraud claims are not "favored means of establishing a RICO pattern . . ." *Roger Whitmore's Auto Services Inc. v. Lake* County, 424 F.3d 659, at 673 (7th Cir. 2005). And in ruling on a motion to dismiss a RICO case, courts have dismissed the complaint even though the Plaintiffs have described certain instances of fraud in detail. In the case of *R.E. Davis Chemical Corporation v. Now Chemical Company,* 757 F.Supp. 1499 (N.D. Ill. 1990), the court stated that "[a]lthough the complaint may adequately describe an overall

8

scheme . . . and although certain mailings may have been described in relative detail, on balance the complaint does not adequately describe the manner in which each of the Defendants participated in the broadly referenced predicate offenses of racketeering . . ." *Id.* at 1517. Similarly, at *Crichton v. Golden Insurance Company,* (2006) U.S. Dist. LEXIS 56235, 21-23, 26, the court concluded that while the allegations may be actionable as a non-RICO state law claim, they were not actionable as a RICO claim. Thus the broad assertions of misrepresentations made to Holland by either of these Defendants prior to the repossession of his car are insufficient to support a RICO claim.

In addition to an adequacy of pleading problem, Holland has a standing issue with respect to any allegation that any of the Defendants committed bank fraud. 18 U.S.C. § 1344 addresses when financial institutions are defrauded, not individuals or other corporations. 18 U.S.C. § 1344 defines bank fraud as "knowingly executes, or attempts to execute, a scheme . . . (1) to defraud a financial institution; or (2) to obtain any of the monies, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises; . . ." Holland has not alleged he is a financial institution (nor could he properly do so) and therefore cannot assert this as a predicate act of racketeering activity.

TDAF is the lone Defendant being accused of money laundering in this case. Holland alleges that the sale of the Chrysler 300 at auction was an act of "wire fraud, money laundering and bank fraud . . ." Compl. at ¶ 152. However, once again Holland fails to properly employ the use of 18 U.S.C § 1956 regarding laundering of monetary instruments and comply with the specific statutory definitions contained within that statute.

The money laundering statute says that laundering of monetary instruments occurs when

>"(a)(1) whoever, knowing that the property involved in a financial transactions represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of <u>specified unlawful activity</u> (emphasis added) – (A)(i) with the intent to promote the carrying on of specified unlawful activity; or (ii) with intent to engage in conduct constituting a violation of § 7201 or 7206 of the Internal Revenue Code of 1986; or (B) knowing that the transaction is designed in whole or part – (i) to conceal or disguise the nature, of the location, the source, the ownership, or the control of the proceeds of specified unlawful activities; or (ii) to avoid a transaction reporting requirement under state or federal law . . ."

Moreover, "specified unlawful activity" is a defined term under the statute. Indeed, 18 U.S.C. § 1956(7) is the definitional statute for "specified unlawful activity". The definitional statute covers a wide range of criminal activities involving distribution of controlled substances, murder, kidnapping, robbery, extortion, destruction of property, bribery of a public official, smuggling of goods, embezzlement or misapplication by bank officer, espionage and other specific criminal activity. It does not include money obtained from an auction house after a repossession sale of a car. Because the base facts alleged in support of this claim are not a prohibited "specified unlawful activity" under the money laundering statute, they are not actionable as a "predicate act" of "racketeering activity". *See, Starfish Inv. Corporation v. Henson,* 370 F. Supp.2d 759, 773-74 (N.D. Ill. 2005). Accordingly, the court must dismiss the complaint as Holland has failed to allege any "racketeering activity".

**D.     Holland has not properly pled the "collection of an unlawful debt."**

Holland seizes upon the collection activity of TDAF in an attempt to bootstrap an argument for a violation of RICO under 18 U.S.C. §1962(C) which makes it unlawful to use interstate commerce for "collection of an unlawful debt." At ¶ 174 of the Complaint, Holland alleges that the racketeering activity undertaken by TDAF was the "unlawful collection of a debt" through fraud, mail fraud, wire fraud and bank fraud. Holland's emphasis is on the manner of collection not the debt which is collected. In fact, the RICO statute emphasizes the debt and

10

not the collection activity. Under 18 U.S.C. § 1961(6) "unlawful debt" is defined as ". . . debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a state or a political subdivision thereof, or which is unenforceable under state or federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with a business of gambling in violation of the law of the United States, a state or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under state or federal law, where the usurious rate is at least twice the enforceable rate . . ." There is no allegation (nor would you expect that there would be one) that the debt being collected is one incurred through gambling activity or that the rate of interest charged is twice the enforceable rate allowed by law. Even Holland admits the debt collection activity is in respect to a car loan. Since the complaint does not establish the "collection of an unlawful debt," it must be dismissed.

## II.     Holland has failed state a claim under § 1962(a).

18 U.S.C. § 1962(a) prohibits use of income derived from a pattern of racketeering activity to be used in the furtherance of activity and further allows redress if injury is caused by the use or investment of racketeering income in the enterprise.

Holland's complaint is deficient in several respects. He fails, again, to identify a "pattern of racketeering activity". He fails to allege facts supporting that proceeds from any racketeering activity were used or invested in the acquisition of an enterprise and further that he sustained any injury proximately caused by the use or investment. *See* generally, *RAO v. BP Products N.A., Inc.*, 589 F. 3d 389, 399 and *Vicom*, 20 F3d at 778. Without such a showing the complaint must be dismissed.

11

**III. Holland has failed to support any agreement to conspire by and between the Defendants.**

To state a RICO conspiracy claim against each Defendant under 18 U.S.C. § 1962(d) Holland must (1) identify a proper enterprise, (2) identify the Defendants' association with that enterprise, and (3) allege that the "Defendant knowingly joined a conspiracy the object of which was to operate that enterprise through a pattern of racketeering activity." *United States v. Tello*, 687 F.3d 785, 794 (7th Cir. 2012). Holland has not pled that any communication or contact was made by and between the Defendants in order to establish that any of them knew what the other was doing in their various transactions with him nor does the pleading establish a plan or course of action meaningfully executed by the Defendants in order to harm Holland. The complaint merely strings together a series of unrelated events by unrelated parties that happen to all involve Holland and his car. Without such a showing, Holland cannot establish a conspiracy.

Furthermore, in order to withstand a motion to dismiss, Holland must have first sufficiently pled an enterprise that meets the structural requirements of *Boyle v. United States*, 556 U.S. 938, 946 (2009) or that the Defendants undertook a pattern of racketeering activities. Given that the Holland has failed in these respects, the conspiracy allegations must likewise be dismissed. *See* also, *Browning v. Flex Industries,* 955 F. Supp. 2nd 900 (N.D. Ind. 2013).

**IV    The Indiana State law claims should be dismissed.**

In addition to his claims made under the federal RICO statute, Holland has made unspecified claims under the Indiana state RICO statutes. The only basis of federal jurisdiction over those claims is federal supplemental jurisdiction under 28 U.S.C. § 1367, which allows a federal court to decide state-law claims outside federal diversity jurisdiction if they are so closely related to federal claims as to be considered part of the same case. But "[a] federal court may

decline to exercise supplemental jurisdiction if 'the district court has dismissed all claims over which it has original jurisdiction.'" 28 U.S.C. § 1367(c)(3). *Bentle v. Butler*, 2008 U.S. Dist. LEXIS 8819 at ¶ 8826. Indeed the Seventh Circuit has ruled that: "when all federal claims have been dismissed, the court should ordinarily relinquish jurisdiction over the supplemental state-law claims rather than resolve them on the merits. *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007).

The factors that determine whether supplemental jurisdiction is appropriate are judicial economy, convenience, fairness and comity and will usually weigh in favor of dismissal at the pleading stage. *Wright v. Associated Insurance Companies, Inc.*, 29 F.3d 1244 at 1251 (7th Cir. 1994). Only if the statute of limitations would bar the refiling of the claims in state court, where substantial judicial resources have already been expended on the supplemental claims or where the outcome of the claims is obvious should the court retain jurisdiction over the state law claims. *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007).

In this instance there is no adequate or compelling reason for the court to retain jurisdiction over the state law claims and those claims should be dismissed.

## CONCLUSION

Holland has failed to plead sufficient facts to support federal RICO claims. He has failed to allege an "enterprise". No "pattern" of "racketeering activity" has been established. His fraud claims are not pled with the necessary particularity. There has not been the "collection of an unlawful debt". The Defendants have not been show to "conspire" to commit any unlawful act. And the court need not accept jurisdiction over the state law claims. Accordingly, the court is compelled to grant the motion of the TDAF Defendants and dismiss Holland's complaint for failure to state a claim.

13

        Respectfully submitted,

        */s/Michael P. Herzoff*
        Michael P. Herzoff (P41662)
        Attorney for Defendants TDAF and Johnson
        Weltman, Weinberg & Reis Co., L.P.A.
        2155 Butterfield, Suite 200-S
        Troy, MI  48084
        Phone:  (248) 989-3088
        Fax:  (248) 876-3197
        E-mail:  mherzoff@weltman.com

Dated:  July 24, 2014

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been electronically filed with the Clerk of Court on July 24, 2014 and served upon the following counsel of record and/or *pro se* parties via United States Mail, postage prepaid:

Robert Holland
1120 Baker St.
Gary, Indiana 46404

/s/Michael P. Herzoff
Michael P. Herzoff (P41662)

Weltman, Weinberg & Reis Co., LPA
2155 Butterfield, Suite 200-S
Troy, MI  48084
Phone:  (248) 989-3088
Fax:  (248) 876-3197
E-mail:  mherzoff@weltman.com

15