FILED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

14 JUL 29 AM 9:12

Robert Holland, )
Plaintiff, )
)
vs. ) Case No.: 2:13-cv-00491-RL-JEM
)
Cerberus Capital Management, LP, et al., )
Defendants. )

## REQUEST FOR DEFAULT JUDGMENT
## SUM CERTAIN BY THE CLERK OF THE COURT

Comes now the Plaintiff Robert Holland, Pro Se, and files his Request for Default Judgment against the Defendant Paul Davis pursuant to FRCP 55(b)(1). In support thereof, Robert Holland states the following:

### BACKGROUND

Plaintiff filed this action on December 30, 2013. The Defendant received service of the summons and complaint on May 27, 2014. Clerk's Entry of Default was entered on July 17, 2014. (DE #60) The Defendant has failed to Answer or otherwise defend in the case.

### STANDARD OF LAW

"There are two stages in a default proceeding: the establishment of the default, and the actual entry of a **default judgment**." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the **clerk** must enter the party's default." Fed. R. Civ. P. 55(a). " Once default has been established, if a plaintiff's claim is for a **sum certain,** the **clerk**, on the plaintiff's request, must enter judgment for that amount and

1

costs against a defaulted defendant. Fed. R. Civ. P. 55(b)(1). "In all other cases," the plaintiff "must apply to the court for a **default judgment**." Fed. R. Civ. P. 55(b)(2). The decision to grant or deny **default judgment** lies within the court's discretion. *Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995).

**ANALYSIS**

The **default judgment** in favor of plaintiff should be issued because the Court has jurisdiction over this matter, defendants have failed to respond to the Complaint as required by Rule 12, and the evidence included with plaintiff's Complaint demonstrates plaintiff's entitlement to judgment.(DE #1, 32, 45 and 46)

**ALL PROCEDURAL REQUIREMENTS FOR DEFAULT HAVE BEEN MET**

The **Clerk** of the Court properly entered a default against Defendant on July 17, 2014, at plaintiffs request and pursuant to Local Rule 55.1(a) because defendant failed to respond to the Complaint within 21 days of service of the Complaint and Summons. The FEDERAL RULES OF CIVIL PROCEDURE require that a defendant plead responsively to a complaint "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1). Defendants received service of the Summons and Complaint on May 27, 2014, so their responsive pleadings were due on June 17, 2014. To date, however, Defendant has not answered or otherwise responded to the Complaint.

**THE PLAINTIFF'S ENTITLEMENT TO JUDGMENT**

Plaintiff included sufficient evidence with its Complaint to support the judgment that plaintiff seeks. By failing to respond to the Complaint's allegations, defendants admitted all of them. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of

damages—is admitted if a responsive pleading is required and the allegation is not denied."). In addition Holland seeks a sum certain and has evidence that he is entitled to a judgment on the merits against all the defendants. ." Fed. R. Civ. P. 54, 55(a) and 56. (DE #1, 32, 45 and 46) Finally, the Defendant has not demonstrated good cause why there should not be a default.

WHEREFORE, the Plaintiff Robert Holland, requests an Entry of Final Judgment, as set forth in the computation of damages, for the Plaintiff Robert Holland and against the Defendant in the amount of **$41,833,455.00** plus prejudgment and post judgment interest with joint and several liability.(DE# 32 See affidavit and computation of damages) Respectfully submitted,

*[signature: Robert M. Holland]*

Robert Holland, Pro se
1120 Baker Street
Gary, Indiana 46404
TEL (219) 427-4582

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA**

### 28th CERTIFICATE OF SERVICE

I certify that on the ~~17th~~ day of July, 2014, service of a true and complete copy of the above and foregoing pleading or paper was made upon:

**The Clerk of the Court**, United States District Court, 5400 Federal Plaza, Hammond, IN 46320

**Judge Rudy Lozano**

3

7th Circuit District Court Judge
Northern District of Indiana, Hammond Division
5400 Federal Plaza, Hammond, Indiana 46320
TEL (219) 852-6700

**Jason R. Barclay and Mark D. Stuann**, Barnes & Thornburg, LLP, 11 South Meridian Street, Indianapolis, IN 46204
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), and Robert Nardelli (CEO of Cerberus O & AC, LLC)
TEL (317) 231-7250

**Howard Godnick and Joshua Schonauer**, Schulte, Roth & Zabel, LLP, 919 Third Avenue, New York, New York 10022
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), Robert Nardelli (CEO of Cerberus O & AC, LLC), Chrysler Financial, LLC (aka TD Bank, Group (N.A.))
TEL (212) 593-5955

**James P. Buchholz**, 127 W. Berry Street, Suite 1200, Fort Wayne, Indiana 46802
Attorney for Bosak Motors Auto Dealership, Mr. & Mrs. Skip Bosak (Owners of Bosak Motors Auto Dealership), John Schultheis (General Manager, Bosak Motors), Jonathan Jeffries (Service Manager, Bosak Motors)
TEL (260) 426-0545

**James Todd**, Weltman, Weinberg & Reis Co., LPA, 525 Vine St., Suite 800, Cincinnati, Ohio 45202
Attorney for Chrysler Financial, LLC and Kimberly Johnson (Chrysler Financial Collections/Repossession Unit)
TEL (513) 723-2200

**Robert Holland**, Pro Se, Plaintiff, 1120 Baker Street, Gary, Indiana 46404
TEL (219) 427-4582

    X      By depositing in the U.S. Mail properly addressed and with sufficient first class postage affixed or the federal electronic filing system at the office of the clerk.
           By personal delivery or fax.

_[signature]_
Robert M. Holland III, Pro Se

4