UNITED STATES DISTRICT COURT
FOR THE NORTHERAN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND,       )<br>    Plaintiff,       )<br>                             )<br>v.                           )<br>                             )<br>Cerberus Capital Management, LP       )<br>Stephen Feinberg (CEO Cerberus Capital )<br>Management, LP), Robert Nardelli (CEO of )<br>Cerberus O & AC, LLC), CEO New Chrysler )<br>Corporation, CEO Old Chrysler Corporation, )<br>Chrysler Financial, LLC (TD Bank, Group )<br>(N.A.)), Paul Davis (Supervisor Chrysler )<br>Customer Assistance Team), Kimberly )<br>Johnson (Chrysler Financial Collections/ )<br>Repossession Unit), Bosak Motors Auto )<br>Dealership, Mr. & Mrs. Skip Bosak (Owners )<br>Of Bosak Motors Auto Dealership), )<br>John Schultheis (General Manager Bosak )<br>Motors), Jonathan Jeffries (Service Manager )<br>Bosak Motors), Mike Grzbowski (Salesman )<br>Bosak Motors), CEO of Bull Dog Towing and )<br>Bull Dog Towing.       )<br>    Defendants.       ) | CIVIL ACTION NO.: 2:13-cv-491 |

## BOSAK DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW, Defendants, Bosak Motors Auto Dealership, Mr. & Mrs. Skip Bosak, John Schultheis, Jonathan Jeffries, and Mike Grzbowski (hereinafter collectively "Bosak"), through their attorneys, Tourkow Crell Rosenblatt & Johnston, LLP, and submit their Reply in Support of their Motion to Dismiss Plaintiff's Verified Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and state as follows:

Initially, in his Response, Plaintiff informs this Court that the small claims matter cited by Bosak in its Motion to Dismiss as Cause No. 45D09-0904-SC-01180 "is not pending and not

1

relevant to this RICO lawsuit." (*See* Plaintiff's Response to the Motion to Dismiss filed by the Bosak Motors Defendants (hereinafter "Response") p. 1). Plaintiff's characterization of the status of the small claims action is misleading. The small claims action was stayed in 2009 during the pendency of Chrysler Corporation's Chapter 11 bankruptcy. The case has not been dismissed and is still pending though in inactive status. The claims arising out of the small claims case are substantially similar to those at issue in this action. Plaintiff has blatantly attempted to concoct a RICO claim out of his state court claims as a means for circumventing the stay currently pending in his state court litigation.

Congress never intended RICO to be employed to allow plaintiffs to turn any and all state law fraud cases into a RICO claim. *Jennings v. Auto Meter Products, Inc.*, 495 F. 3d 466, 472 (7th Cir. 2006). In fact, in analyzing RICO claims and to avoid the influx of claims brought based upon the lure of treble damages and attorney's fees, Courts emphasize the particularity with which a RICO claim must be pled.

> "RICO is a specialized statute requiring a particular configuration of elements. These elements cannot be incorporated loosely from a previous narration, but must be tightly particularized and connected in a complaint. Parroting statutory language while generally referring the reader back to the previous 100 paragraphs in a complaint is inadequate."

*Lesavoy v. Lane*, 304 F.Supp.2d 520, 532 (S.D.N.Y 2004) (quoting *Zaro Licensing, Inc. v. Cinmar, Inc.,* 779 F.Supp. 276,284(S.D.N.Y. 1991). Plaintiff's claim is guilty of the above behavior precisely. Plaintiff is attempting to mold his state law claims into a federal RICO claim and it is apparent based upon his lack of specificity and ludicrous accusations that Plaintiffs is doing no more than trying to fit a square peg into a round hole.

It its Motion to Dismiss, Bosak noted that Plaintiff failed to delineate how each defendant

committed RICO violations and instead haphazardly lumped all defendants together painting the entire claim with the same broad strokes. It appears, in his Response, that Plaintiff has attempted to explain each defendant's conduct in the enterprise. However, Plaintiff simply states the positions that the named Bosak defendants hold with respect to the Bosak Motors company. Plaintiff, again, fails to explain how each of the named Bosak defendants have committed RICO violations. Plaintiff lays out each Bosak defendant's position within the Bosak Motors company and broadly asserts "**the titles of each one of these defendants is given indicating there [sic] role and function in the conspiracy.**" (Response p. 5). Simply asserting a defendant's position within their company is hardly enough to amount to conspiratorial activity.

The Bosak defendants also noted in their Motion to Dismiss that Plaintiff failed to adequately plead that the activity amongst the various defendants amounted to an "enterprise." "The first rule of pleading a RICO claim is that "the plaintiff must identify an enterprise." *Jennings v. Emry*, 910 F.2d 1434, 1439-40 (7th Cir. 1990). Plaintiff, in his Response simply quotes *Boyle v. United States*, 556 U.S. 938, 944-45, 129 S.Ct. 2237 (2009) which defines an association-in-fact enterprise as needing just three elements: "a purpose," "relationships among those associated with the enterprise," and "longevity sufficient to permit these associates to pursue the enterprise's purpose."

Bosak does not contest Plaintiff's regurgitation of the law. However, Plaintiff then fails to assert how the Bosak defendants' actions satisfy the elements. Plaintiff quotes his Complaint in his assertion that the Bosak defendants' actions satisfy the *Boyle* elements stating: "[T]he alleged enterprise in this case had purpose and relationships and it certainly had 'longevity,' and if *Boyle* is taken at face value[,] nothing more is required to make a conspiracy a RICO enterprise." These sort of sweeping allegations are rampant throughout Plaintiff's Response and do not satisfy Plaintiff's

3

burden of meeting the elements of the claims or crimes alleged. Plaintiff's Complaint fails to demonstrate a common purpose or relationship among the RICO defendants and thus, Plaintiff has failed to plead facts sufficient to establish a RICO enterprise. Without an enterprise, Plaintiff's claim amounts to nothing more than a common law fraud claim which is not a claim gives rise to federal court jurisdiction.

Even if Plaintiff had satisfied his burden in demonstrating that the defendants formed an enterprise, his claim still fails because he has failed to establish that the defendants engaged in a pattern of racketeering activity. A pattern of racketeering activity requires at least two predicate acts of racketeering within a ten year period. 18 U.S.C. §1961(5). In order to satisfy the duration requirement, the predicate acts must extend over a substantial period of time. "A few weeks or months is considered insubstantial." *Midwest Grinding Co., Inc. v. Spitz,* 976 F.2d 1016, 1024 (7th Cir. 1992). In this case, Plaintiff alleges only one act which he claims gives rise to his RICO claim. Plaintiff's entire Complaint surrounds his purchase of, and the after effects of, buying a Chrysler 300. "The presence or absence of multiple schemes is highly relevant to the court's determination of whether a RICO patter has been established." *Guaranteed Rate, Inc. v. Barr,* 912 F.Supp.2d 671, 691 (N.D. Ill. 2012). "When… a complaint explicitly presents a distinct and non-reoccuring scheme with a built-in termination point and provides no indication that the perpetrators have engaged or will engage in similar misconduct, the complaint does not sufficiently allege continuity for §1962(c) purposes even if the purported scheme takes several years to unfold, involves a variety of criminal acts, and targets more than one victim." *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 663 (7th Cir. 1992).

Plaintiff again, in his Response, alleges the predicate acts of racketeering committed by the

4

Bosak defendants include "mail fraud, wire fraud, bank fraud, money laundering, extortion, corrupt business influence and conspiracy." (Response p. 7). The acts that Plaintiff alleges were committed by the Bosak defendants include "1) Chrysler and Bosak motors fraudulent inducement to purchase the Chrysler 300 and extended warranty, 2) Chrysler and Bosak motors breach of warranty contract and contract to repair." (Response p. 8). Each of these alleged activities are no more than common law fraud claims that do not give rise to RICO violations. Plaintiff then goes on to regurgitate ten different paragraphs from his Complaint with no explanation as to how these allegations satisfy the any of the elements of mail fraud, wire fraud, bank fraud, money laundering, extortion, corrupt business influence and conspiracy. As quoted at the beginning of this brief, "parroting statutory language while generally referring the reader back to the previous 100 paragraphs in a complaint is inadequate." *Lesavoy v. Lane*, 304 F.Supp.2d 520, 532 (S.D.N.Y 2004) (quoting *Zaro Licensing, Inc. v. Cinmar, Inc.*, 779 F.Supp. 276, 284 (S.D.N.Y. 1991).

      Plaintiff has further failed to plead mail and wire fraud with the requisite particularity as required by FRCP 9(b). In his Response, Plaintiff again lays out the elements of mail and wire fraud and then proceeds to cite some case law. (Response p. 9). Plaintiff then goes on to discuss how the Bosak defendants use the mail for the purpose of distributing marketing materials and advertisements as well as to "follow up sales, potential sales and repair services with correspondence." (Response p. 10). Plaintiff, however, fails to explain how the Bosak defendants' use of the mail for advertising and to follow up sales constitutes either mail or wire fraud.

      FRCP 9(b) requires a plaintiff to plead all allegations of fraud with particularity. Further, To satisfy Rule 9(b)'s particularity requirements, plaintiff must allege "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by

5

which the misrepresentation was communicated." *Slaney v. The International Amateur Athletic Federation*, 244 F.3d 580, 599 (7th Cir. 2001); see also *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992). Not one of the communications listed by Plaintiff in either his Complaint or his Response meets the specificity requirements. Plaintiff admits that he does not know the specific dates of the mailings. (Response p. 10). Plaintiff leaves entirely for the Court and the defendants to guess what the contents of the mailings were, as he makes sweeping assertions that simply cannot satisfy the heightened pleading requirements necessary pursuant to Rule 9(b).

Finally, for the first time, in his Response, Plaintiff alleges a new theory for which he alleges each defendant is liable. Plaintiff now alleges that each of the defendants are guilty of aiding and abetting. (Response p. 17). This claim appears nowhere in Plaintiff's Complaint. Plaintiff is attempting to add new claims by way of responsive pleadings. Further, Plaintiff again quotes abundant caselaw relating to his new aiding and abetting theory but fails to demonstrate the impact that the quoted caselaw has upon the facts of this particular case. (*See* Response pp. 17-18).

For the above and foregoing reasons, Plaintiff's RICO claim must fail. As Plaintiff's RICO claims is the only claim giving rise to federal jurisdiction, this claim must be dismissed for lack of jurisdiction. "Where the sole basis for invoking federal jurisdiction is non-existent… the federal courts should not exercise supplemental jurisdiction over his remaining state law claims." *Al's Service Center v. BP Products North America, Inc.,* 599 F.3d 720, 727 (7th Cir. 2010). As no legitimate claim gives rise to federal jurisdiction, this Court should dismiss Counts I, II and III of Plaintiff's Complaint as against the Bosak defendants with prejudice.

Respectfully submitted,

**TOURKOW CRELL ROSENBLATT & JOHNSTON, LLP**

s/ James P. Buchholz
James P. Buchholz, #17023-02
127 W. Berry Street, Suite 1200
Fort Wayne, Indiana  46802
Telephone:  (260) 426-0545
**jbuchholz@tcrjlaw.com**
*Counsel for Defendant,*
*Bosak Motors Auto Dealership et al*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st of July, 2014 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing is being served electronically or by U.S. Mail to the following:

Robert M Holland III, 1120 Baker Street, Gary, IN 46404
Michael P. Herzoff, mherzoff@wetlman.com
James J. Todd, jtodd@weltman.com
CEO Old Chrysler, c/o CEO Chrysler, 2777 Inkster Road, Farmington Hills, MI 48334
Paul Davis (Spv. Chrysler Customer Service) c/o CEO Chrysler, 2777 Inkster Road, Farmington Hills, MI 48334
Owner/CEO Bulldog Towing, 641 Joliet Street, Dyer, IN 46311
Bulldog Towing c/o Owner/CEO, 641 Joliet Street, Dyer, IN 46311
Jason R. Barclay, jason.barclay@btlaw.com
Howard O Godnick PHV, howard.godnick@srz.com
Joshua R. Schonauer PHV, Joshua.schonauer@srz.com
Mark D. Stuaan, mstuaan@btlaw.com

s/James P. Buchholz
James P. Buchholz