UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 2:13-CV-00491-RL-JEM |
| ) | |
| CEREBERUS CAPITAL ) | |
| MANAGEMENT, L.P., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## CERBERUS DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S NOTICE TO THE COURT OF CHRYSLER IGNITION SWITCH RECALL AND RICO CASE STATEMENT

Cerberus Capital Management, LP, Robert Nardelli, and Stephen Feinberg ("Cerberus Defendants"), by and through their counsel, and pursuant to Federal Rule of Civil Procedure 12(f), respectfully move the Court to strike Plaintiff's Notice to the Court of Chrysler Ignition Switch Recall (Dkt No. 77) and RICO Case Statement (Dkt No. 78), as immaterial and redundant, and in support of this motion state as follows:

1. On July 31, 2014, Plaintiff filed a Notice to the Court of Chrysler Ignition Switch Recall (Dkt No. 77) ("Notice") and RICO Case Statement (Dkt No. 78) ("Case Statement").

2. The Notice purports to relate to a recall notice issued by Chrysler concerning 2005-2007 Jeep Grand Cherokees and 2006-2007 Jeep Commander vehicles.

3. The Plaintiff's Verified Complaint asserts that he purchased a "Chrysler 300 vehicle", which he also refers to as a "2006 Chrysler 300" (*e.g.,* Dkt No. 1, ¶¶ 52, 55, 59, 61-62, 73-74, 77, 79, 81, 86, 93, 102, 106, and 109-110).

4. Nowhere in his Verified Complaint, or in any other pleading filed by the Plaintiff, does he allege that he purchased a 2005-2007 Jeep Grand Cherokee or a 2006-2007 Jeep Commander.

5. Because the Chrysler recall notice referenced in Plaintiff's Notice refers to vehicles completely different from, and unrelated to, Plaintiff's allegations, the Notice is immaterial and should be stricken.

6. Plaintiff's Case Statement says that it is "intended as a Response to the Motion to Dismiss filed by all the Defendants in this case." (Case Statement, introductory paragraph).

7. Even a cursory review of the Case Statement indicates that Plaintiff's assertion that it is "intended as a Response to the Motion to Dismiss filed by all the Defendants in this case" is inaccurate. That is, the Case Statement is nothing more than a reiteration of arguments Plaintiff has made in his already filed responses to the motions to dismiss filed by Cerberus Defendants and Bosak Defendants. (*see* Dkt Nos. 58 & 67).[1]

8. Inasmuch as the Case Statement is nothing more than an effort by the Plaintiff to have another chance to respond to the Cerbereus Defendants' motion to dismiss it is at a minimum redundant, and therefore, should be stricken.

---

[1] Defendants Kimberly Johnson and TD Auto Finance LLC, filed their Motion to Dismiss and Memorandum of Support of Defendant's Motion to Dismiss on July 24, 2014 (Dkt No. 69). Plaintiff has yet to file a response to that Motion to Dismiss.

9. Further, while Local Rule 7-1 contemplates the filing of a response in opposition to a party's motion, and the filing of a reply in support of a motion, it does not contemplate or provide for the filing of what is essentially a second response in opposition to a motion.

For the reasons set forth above, Cerberus Defendants respectfully move the Court to strike Plaintiff's Notice to the Court of Chrysler Ignition Switch Recall (Dkt No. 77) and RICO Case Statement (Dkt No. 78), as immaterial and redundant.

Respectfully submitted,

*s/ Mark D. Stuaan*
Jason R. Barclay
Mark D. Stuaan
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana  46204
Telephone: 317/236-1313
Facsimile: 317/231-7433
E-Mail: jason.barclay@btlaw.com
E-Mail: mark.stuaan@btlaw.com

Howard O. Godnick (*pro hac vice* pending)
Joshua R. Schonauer (*pro hac vice* pending)
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022
Tel.   (212) 756-2000
Fax   (212) 593-5955
Email:  howard.godnick@srz.com
Email:  joshua.schonauer@srz.com

Attorneys for Defendants Cerberus Capital Management, L.P., Stephen Feinberg and Robert Nardelli

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2014, a copy of the foregoing was filed electronically and has been served on all counsel of record by the Court's ECF filing system.

Additionally, a copy of the foregoing was sent to the following *pro se* Plaintiff by depositing the same in the United States mail, first class, postage prepaid:

> Robert Holland
> 1120 Baker Street
> Gary, IN 46404

*s/ Mark D. Stuaan*
Mark D. Stuaan

INDS01 1468937v1