UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

HAMMOND DIVISION


-FILED-
SEP 26 2014
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT HOLLAND ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Cause No.: 2:13-CV-491 |
| Cerberus Capital Management, LP, ) | |
| Stephen Feinberg (CEO Cerberus Capital ) | |
| Management, LP), Robert Nardelli (CEO of Cerberus) | |
| O & AC, LLC), CEO New Chrysler Corporation, ) | |
| CEO Old Chrysler Corporation, ) | |
| Chrysler Financial, LLC (TD Bank, Group (N.A.)), ) | |
| Paul Davis, (Supervisor Chrysler Customer ) | |
| Assistance Team), Kimberly Johnson (Chrysler ) | |
| Financial Collections/Repossession Unit), ) | |
| Bosak Motors Auto Dealership, ) | |
| Mr. & Mrs. Skip Bosak (Owners of Bosak Motors ) | |
| Auto Dealership), John Schultheis (General Manager) | |
| Bosak Motors), Jonathan Jeffries (Service Manager ) | |
| Bosak Motors), Mike Grzbowski (Salesman Bosak ) | |
| Motors), CEO of Bull Dog Towing and Bull Dog ) | |
| Towing. ) | |
| Defendants. ) | |

**Verified Memorandum Showing the Perfected Service Upon Defendants**

**Bull Dog Towing and the CEO of Bull Dog Towing**

**Introduction**

Comes now the Plaintiff Robert Holland and files this Memorandum Showing the Perfected Service Upon Defendants Bull Dog Towing and the CEO of Bull Dog Towing pursuant to Federal Rules of Civil Procedure 4(e) and 4(h). In support of this Memorandum the Plaintiff states the following:

**Issue**

#1 Whether the Plaintiff has perfected service upon Bull Dog Towing and the CEO of Bull Dog Towing pursuant to Federal Rules of Civil Procedure 4(e) and 4(h)?

1

**Rule of Law**

Federal Rule of Civil Procedure 4(e), governing **service of process** on an individual, provides that an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

> (1) **following state law for serving a summons in an action brought in courts of general jurisdiction** in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) **delivering a copy of each to an agent authorized by appointment or by law to receive service of process.**

Fed. R. Civ. P. 4(e) via Indiana Trial Rule 4.1(A) provides:

> Service may be made upon an individual, or an individual acting in a representative capacity, by:
>
> (1) **sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter**; or
> (2) delivering a copy of the summons and complaint to him personally; or
> (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or
> (4) **serving his agent as provided by rule, statute or valid agreement.**

Federal Rule of Civil Procedure 4(h), governing **service of process** on corporations, provides that

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> **(A) in the manner prescribed by Rule 4(e)(1) for serving an individual**; or
> (B) by **delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process** and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

**Analysis**

The primary issue is whether service on the CEO of Bull Dog Towing and Bull Dog Towing's Office Manager (or person in charge) constitutes service on them pursuant to Federal Rule of Civil Procedure 4(e) and 4(h) and pursuant to Indiana Trial Rule 4.1.

2

Federal Civil Rule 4(e) provides that federal courts will have personal jurisdiction over a defendant if (1) service is effected pursuant to the law of the state where the district court is located, (2) a summons is delivered to the defendant personally, (3) the summons is left at the defendant's usual abode with a person of suitable age and discretion, or (4) the summons is delivered to an **authorized agent** of the defendant. FED. R. CIV. P. 4(e). the plaintiff Robert Holland attempted service by certified mail, a method permitted under Indiana law, so validity of service turns on the relevant provisions of Indiana law. Homer v. Jones-Bey, 415 F.3d 748, 754 (7th Cir. 2005).

> **Indiana Trial Rule 4.1(A)** authorizes service upon an individual by certified or registered mail, or other public means. That rule provides:
> **(A) In General**. Service may be made upon an individual, or an individual acting in a representative capacity by: (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipts of the letter[.]

Ind. Tr. R. 4.1(A)(1). The rule limits this method of service to the residence, place of business, or place of employment of the individual designated to receive process. The applicable Federal Rule of Civil Procedure 4(e) provisions state that service may be made following state (Indiana) law or delivering a copy of each to an agent authorized by appointment or by law to receive **service of process**. The applicable provisions of Federal Rule of Civil Procedure 4(h), governing **service of process** on corporations, partnerships or associations state that service may be are 4(h)(1)(A) in the manner prescribed by Rule 4(e)(1) for serving an individual or 4(h)(1)(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

3

Following state law, the applicable provisions would be pursuant to Indiana Rule of Civil procedure 4.1 service of process may be perfected either by (1) **sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his** residence, **place of business or employment with return receipt requested and returned showing receipt of the letter**; or (2) **serving his agent as provided by rule, statute or valid agreement.**

Federal Rule of Civil Procedure 4 governs **service of process** in the federal courts. Corporations, partnerships and associations may be served in accordance with the state law for serving a summons in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1). **Under Indiana Trial Rule 4.6**, service on a domestic or foreign organization may be effected by service upon an **executive officer of the organization** or an agent **appointed or deemed by law to have been appointed to receive service**, in accordance with **Indiana Trial Rule 4.1**. Ind. Tr. R. 4.6(A)-(B). *[handwritten: ITR 4.4A]*

*[handwritten: (CEO BullDog Towing address UNKNOWN)]*

**Indiana Trial Rule 4.1** specifically states:

A) In General. Service may be made upon an individual or an individual acting in a representative capacity, by:

(1) **sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his** residence, **place of business or employment with return receipt requested and returned showing receipt** of the letter; or

(2) delivering a copy of the summons and complaint to him personally; or

(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or

(4) **serving his agent as provided by rule, statute or valid agreement.**

Ind. Tr. R. 4.1.

4

**Indiana Trial rule 4.6(A)(1)**

(A) *Persons to be served.* Service upon an organization may be made as follows:

(1) In the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent.
**T. R. 4.6(A)(1).**

An organization's title of "executive" or "chief executive" is defined broadly in Ind. Trial Rule 83(2). 'Executive officer' of an organization includes the president, vice president, secretary, treasurer, cashier, director, chairman of the board of directors or trustees, office manager, plant manager, or subdivision manager, partner, or majority shareholder. For purposes of service of process, notice, and other papers, the term includes . . . any person employed in the organization if such person promptly delivers the papers served to one of the foregoing. T. R. 83(2) (emphasis added). In Taco Bell vs. United Farm Bureau Mutual Insurance Co., 567 N.E.2d 163; 1991 Ind. App. LEXIS 345, it did not matter whether Taco Bell's Clarksville restaurant was determined to be an office, a plant, or a subdivision: the clear intent of the rule is to make service upon an organization's local manager effective as service upon the organization. Taco Bell cannot do business in Indiana and expect to make a run for the border when the process server comes to the door. The trial court correctly ruled that service directed to Taco Bell's "chief executive officer" at the Clarksville restaurant was effective and proper as service upon the organization under T. R. 4.6(A)(1) and T. R. 83(2). Farm Bureau also relied on Ind. Trial Rule 4.15(F) to cure any problem which may have been present in the service.

See Fed. R. Civ. P. 4(h)(1) ("[S]ervice upon a domestic . . . corporation . . . shall be effected . . . in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1) . . . ."). Specifically, Indiana Rule of Trial Procedure 4.6(A) provides that

5

service on an organization "may be made . . . upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." If service cannot be made in this manner, service may be effected "by leaving a copy of the summons and complaint at any office of such organization located within this state with the person in charge of such office." Ind. R. Trial P. 4.6(C) Although service of process is not automatically defeated by leaving the summons with the defendant's employee, when that occurs, Indiana law "expressly provides that service be directed to an 'executive officer.'" Id. at 953-54 (finding that the delivery of a summons to the defendant's employee was sufficient when plaintiff specifically directed service to the "highest available officer"); compare Fid. Fin. Servs., Inc. v. West, 640 N.E.2d 394, 400-01 (Ind. Ct. App. 1994) (concluding that service "delivered to and received by" the defendant's employee was sufficient when the service was directed to the defendant's "highest executive officer," even though "the person who received the service . . . was not the intended recipient"), with Volunteers of Am. v. Premier Auto Acceptance Corp., 755 N.E.2d 656, 659 (Ind. Ct. App. 2001) (Trial Rule 83 permitted [the defendant's employee] to sign for the receipt of the service in place of the executive officer[,]") T. R. 4.15(F) exists to cure technical defects in the service of process. Overhauser, supra. Because the rules provide that "executive officer" includes a local unit manager, reliance on T. R. 4.15(F) is unnecessary.

In the instant case, however, if the formal requirements for service under Indiana Trial Rule 4.6 are not met, service can still be effectuated pursuant to Indiana Trial Rule 4.15(F), which provides "[n]o summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him. . . ." *Towne v. Am. Family Mut. Ins. Co.*, No. 1:09-CV-0814-RLY-DML, 2010 U.S. Dist. LEXIS 16114, 2010 WL 680344, at *3 (S.D. Ind. Feb. 22,

2010) (quoting Ind. Tr. R. 4.15(F)). This provision prevents **service of process** which is technically deficient from defeating the personal jurisdiction of a court. *Reed Sign Serv., Inc. v. Reid*, 755 N.E.2d 690, 696 (Ind. Ct. App. 2001). Trial Rule 4.15 requires a court to determine if service is sufficient, which depends upon the form of service, not whether the affected party was actually notified. *Swaim v. Moltan Co.*, 73 F.3d 711, 721 (7th Cir. 1996).

In *WW Extended Care, Inc. v. Aetna Life Ins. Co.*, 755 N.E.2d 712 (Ind. Ct. App. 2001), the Indiana Court of Appeals recognized that, in contrast to the other trial rules that require service to be made on certain parties, **Trial Rules 4.1 and 4.6 are discretionary, providing that "service *may be made* upon an individual, in the case of T.R. 4.1, or upon an organization, in the case of T.R. 4.6."** 755 N.E.2d at 716 (emphasis in original). The discretionary nature of T.R. 4.1 and T.R. 4.6, coupled with the provision in T.R. 4.15(F), that '[n]o service [of summons] shall be . . . adjudged insufficient when [it] is reasonably calculated to inform the person to be served that an action has been instituted against him . . .,' is evidence that personal jurisdiction is acquired by any method of service of summons which comports with due process. *Id.* (quoting Ind. Tr. R. 4.15(F)). In *WW Extended Care*, the plaintiff mailed the pleadings to the defendant's general office address, and it was not addressed to any individual within the company. However, in the instant case Holland clearly identified the CEO of Bull Dog Towing and Bull Dog Towing (the organization or company).

The Plaintiff Robert Holland offers evidence (DE #9 and #10) that he followed Indiana State Law for serving a summons and complaint pursuant to Indiana Trial Rules 4.1(A)(1), 4.4, 4.6 and 4.11 by **sending a copy of the summons and complaint by registered or certified mail at the CEO of Bull Dog Towing's place of business** or employment with return receipt requested and returned showing receipt of the summons and

7

complaint. (In compliance with FRCP 4(e)(1) and 4(e)(2)(c). Also, the Plaintiff Robert Holland offers evidence that he followed Indiana State Law for serving a summons pursuant to Indiana Trial Rules 4.1(A)(1) [ITR #4], 4.1(A)(4) and 4.11 [ITR 4.6] by serving the CEO of Bull Dog Towing and Bull Dog Towing "L. Clubb" (CEO or person in charge pursuant to ITR 83.2) and/or "L. Kosiara" (CEO or person in charge pursuant to ITR 83.2) (DE #89 Order of September 16, 2014 P. 3) as provided by rule, statute or valid agreement.(In compliance with FRCP 4(h)(1)(A) and 4(h)(1)(B)).

There is nothing in the trial rules requiring that the individual to whom service of process is mailed be the one who signs the return receipts in order for service to be effective; rather, the rule requires only that service be sent by certified mail to the proper person. Precision Erecting, Inc. v. Wokurka, 638 N.E.2d 472 (Ind. App. 1994). Service delivered by mail, postage prepaid, as certified mail with return receipt satisfies the requirement of due process and actual delivery to the party is not jurisdictionally necessary. Buck v. P.J.T., 182 Ind. App. 71, 71 Ind. Dec. 349, 394 N.E.2d 935 (1979), criticized Best v. State, 817 N.E.2d 685, 2004 Ind. App. LEXIS 2309 (Ind. Ct. App. 2004). In the case of Marshall vs. Erie ins. Exch., the Plaintiff properly effected service upon the property owner by mailing the summons and complaint to the property owner's place of business. Under Indiana law, service by mail was effective even if someone other than the intended recipient ultimately signed the return receipt for certified mail. Marshall v. Erie Ins. Exch., 923 N.E.2d 18 (Ind. App. 2010). In addition, if, the plaintiff's attempts at service were directed to the defendant at the business establishment which he operated at the time of the original tort, and which the plaintiff reasonably believed the defendant continued to operate; the attempts succeeded in affording the defendant actual notice of the action. Based upon these factors, the plaintiff's

8

attempts at service were sufficient and it was an abuse of discretion for the trial court to have set aside the default judgment. Storm v. Mills, 556 N.E.2d 965 (Ind. App. 1990). Therefore, service on both Bull Dog Towing and the CEO of Bull Dog Towing was sufficient and properly perfected under FRCP Rule 4. (No notice to Clerk of lack of service TR. 4.4(A)(1-4 and 8) T.R. 4.16(B))

In addition, TR. 4.4(A)(8) applies in this case. Holland a resident of the State of Indiana, alleges in his complaint that pursuant to T.R. 4.4(A)(8) that the Bull Dog Towing Defendants are abusing, harassing, or disturbing the peace of, or violating a protective or restraining order for the protection of, any person within the state by an act or omission done in this state, or outside this state if the act or omission is part of a continuing course of conduct having an effect in this state, by the wrongful repossession of his Chrysler 300, sale of the car at auction, facilitating the injury to his credit and placing him in a false light. Indian Trial Rule 4.4(A)(8) expands the exercise of personal jurisdiction to fullest extent allowed by federal due process. Litmer v. PDQUSA.com, 326 F. Supp. 2d 952 (N.D. Ind. 2004), criticized Pozzo Truck Ctr., Inc. v. Crown Beds, Inc., 816 N.E.2d 966, 2004 Ind. App. LEXIS 2121 (Ind. Ct. App. 2004).

**Chrysler Financial, LLC, And Kimberly Johnson are Authorized Agents (Principals) of Bull Dog Towing and have a Duty to Disclose** (Also See DE #53) And DE #63  DE #74

A **principal** may be directly liable for the acts of its agents that it authorizes or ratifies. Id., P.501-502; 1 Restatement (Second), supra, § 212 (**principal** liable for authorized conduct) and § 218 (**principal** liable for ratified conduct). The Plaintiff Robert Holland argues that the Chrysler Financial, LLC, Defendants (TD Auto Finance and Collections Manager Kimberly Johnson) were in a principal agent relationship with the Bull Dog Towing and the CEO of Bull

9

Dog Towing Defendants acting as agents. An agent and **principal** are in a fiduciary relationship as a matter of law. *Moehling v. W. E. O'Neil Constr. Co.*, 20 Ill. 2d 255, 170 N.E.2d 100, 107 (Ill. 1960) ("[T]he agent sustains a position of trust toward his **principal,** and in all his transactions affecting the subject of his agency the law dictates he must act in utmost good faith and must make known to his **principal** all material facts within his knowledge which in anyway [*sic*] affect the transaction and the subject matter of his agency." Restatement (Second) of Agency § 2 cmt. a (1958) Id. at §§ Ch. 14 introductory note; 435; 510. Section 435 of the Restatement (Second) of Agency.

Applying section 435 of the Restatement, the court held that an insurance company had a **duty to inform its agent** of a known risk of litigation arising from the policy she sold on behalf of the company. Marie Deonier & Assoc. v. Paul Revere Life Ins. Co., 2000 MT 238, 301 Mont. 347, 9 P.3d 622, 629 (Mont. 2000), aff'd in part & rev'd in part, 2004 MT 297, 323 Mont. 387, 101 P.3d 742 (2004). Courts have held that the agent stated a cognizable claim that the **principal** breached its duty of disclosure under section 435 by failing to disclose a customer's financial collapse after the **principal** became aware of the customer's financial condition. Id.

The plaintiff Robert Holland argues that the Chrysler Financial Defendants (Chrysler Financial, LLC (TD Auto Finance and Collections Manager Kimberly Jonson) were principals and the Bull Dog Towing Defendants (CEO of Bull Dog Towing and Bull Dog Towing) were acting as agents in the wrongful repossession of Holland's Chrysler 300. Therefore, the **Chrysler Financial, LLC, Defendants are agents authorized by law to receive service of process and disclose to the CEO of Bull Dog Towing and Bull Dog Towing the summons and complaint filed in this case.** There was not and could not be a right to repossession.

There was no default and there was a breach of the peace. Holland showed the tow truck driver a receipt for the car payment. Also, there was a breach of the peace. (DE #1 Par. 126-137).

**Conclusion**

For the reasons set forth above, the plaintiff Robert Holland has perfected proper **service of process** on the Defendants CEO of bull Dog Towing and Bull Dog Towing.

Further Affiant sayeth not.

The Foregoing representations were made to the best of my knowledge and belief.

Respectfully submitted,

*[signature: Robert M. Holland III]*

Robert M. Holland III, Pro Se

Plaintiff

1120 Baker Street

Gary, Indiana 46404

TEL (219) 427-4582

11

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

CERTIFICATE OF SERVICE

I certify that on the 25th day of September, 2014, service of a true and complete copy of the above and foregoing pleading or paper was made upon:

**The Clerk of the Court**, United States District Court, 5400 Federal Plaza, Hammond, IN 46320

**Judge Rudy Lozano**
7th Circuit District Court Judge
Northern District of Indiana, Hammond Division
5400 Federal Plaza, Hammond, Indiana 46320
TEL (219) 852-6700

**Jason R. Barclay and Mark D. Stuann**, Barnes & Thornburg, LLP, 11 South Meridian Street, Indianapolis, IN 46204
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), and Robert Nardelli (CEO of Cerberus O & AC, LLC)
TEL (317) 231-7250

**Howard Godnick and Joshua Schonauer**, Schulte, Roth & Zabel, LLP, 919 Third Avenue, New York, New York 10022
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), Robert Nardelli (CEO of Cerberus O & AC, LLC), Chrysler Financial, LLC (aka TD Bank, Group (N.A.))
TEL (212) 593-5955

**James P. Buchholz**, 127 W. Berry Street, Suite 1200, Fort Wayne, Indiana 46802
Attorney for Bosak Motors Auto Dealership, Mr. & Mrs. Skip Bosak (Owners of Bosak Motors Auto Dealership), John Schultheis (General Manager, Bosak Motors), Jonathan Jeffries (Service Manager, Bosak Motors)
TEL (260) 426-0545

**James Todd**, Weltman, Weinberg & Reis Co., LPA, 525 Vine St., Suite 800, Cincinnati, Ohio 45202

Attorney for Chrysler Financial, LLC and Kimberly Johnson (Chrysler Financial Collections/Repossession Unit)
TEL (513) 723-2200

**Rosemary Taft-Milby**, Weltman, Weinberg & Reis Co., LPA, 323 W. Lakeside Avenue, Suite 200, Cleveland, OH 44113
Attorney for Chrysler Financial, LLC and Kimberly Johnson (Chrysler Financial Collections/Repossession Unit)
TEL (513) 723-2200

**Robert Holland**, Pro Se, Plaintiff, 1120 Baker Street, Gary, Indiana 46404

TEL (219) 427-4582

\_\_\_X\_\_\_\_  By depositing in the U.S. Mail properly addressed and with sufficient first class postage affixed or the federal electronic filing system at the office of the clerk.

_____  By personal delivery or fax.

*Robert M. Holland III* (signature)

Robert M. Holland III, Pro Se