UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

HAMMOND DIVISION

-FILED-

SEP 26 2014

ROBERT N. TROCOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT HOLLAND )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Cerberus Capital Management, LP, )<br>Stephen Feinberg (CEO Cerberus Capital )<br>Management, LP), Robert Nardelli (CEO of Cerberus)<br>O & AC, LLC), CEO New Chrysler Corporation, )<br>CEO Old Chrysler Corporation, )<br>Chrysler Financial, LLC (TD Bank, Group (N.A.)), )<br>Paul Davis, (Supervisor Chrysler Customer )<br>Assistance Team), Kimberly Johnson (Chrysler )<br>Financial Collections/Repossession Unit), )<br>Bosak Motors Auto Dealership, )<br>Mr. & Mrs. Skip Bosak (Owners of Bosak Motors )<br>Auto Dealership), John Schultheis (General Manager)<br>Bosak Motors), Jonathan Jeffries (Service Manager )<br>Bosak Motors), Mike Grzbowski (Salesman Bosak )<br>Motors), CEO of Bull Dog Towing and Bull Dog )<br>Towing. )<br>Defendants. ) | Cause No.: 2:13-CV-491 |

### Motion to Correct Errors And Set Aside DE #88

### The Order Striking DE # 77 Notice to the Court of Chrysler Ignition Switch Recall

**Introduction**

Comes now the Plaintiff Robert Holland and files this Motion to Correct Errors And Set Aside DE #88 The Order Striking DE # 77 Notice to the Court of Chrysler Ignition Switch Recall pursuant to Rules of Civil Procedure 12, 59 and 60. In support of this Motion the Plaintiff states the following:

**Issue**

#1 Whether the recall notice De #77 is unrelated to the Plaintiff's allegations, immaterial and should be stricken?

1

**Rule of Law**

FRCP 12(f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

**Analysis**

While Rule 12(f) by its own terms only applies to pleadings, some courts have nonetheless considered **motions to strike** portions of other types of documents using Rule 12(f) standards. *See City of Sterling Heights Gen. Emps' Ret. Sys. v. Hospira, Inc.*, No. 11 C 8332, 2013 U.S. Dist. LEXIS 19156, 2013 WL 566805 (N.D. Ill. Feb. 13, 2013) ("While Rule 12(f) does not explicitly authorize a **motion to strike** documents other than pleadings, courts routinely entertain such motions.") (citing cases). Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading any "redundant, **immaterial**, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). **Motions to strike** are generally disfavored, in part to discourage their potential use to delay judicial proceedings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) (noting Rule 12(f) motions'"potential as a dilatory tactic"). Therefore, scandalous or **immaterial** matter will not ordinarily be stricken unless the moving party can also show it causes them prejudice. *See Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664-65 (7th Cir. 1992); Charles Alan Wright, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.) ("[T]here appears to be general judicial agreement . . . that [**motions to strike**] should be denied unless the challenged allegations may cause some form of significant prejudice to one or more of the parties to the action.") Whether to strike scandalous or

2

**immaterial** portions of a pleading is within the sound discretion of the court. *Talbot*, 961 F.2d at 665.

### The Cerberus Defendants' Argument

The Cerberus defendants argues that the recall notice is not relevant because it is unrelated to the Plaintiff's case. (See DE #77 Par. 5) And Par. 8

### The Court's Finding

Neither the complaint nor any other pleadings refer to a 2005-2007 Jeep Cherokee or 2006-2007 Jeep Commander. Thus, the recall notice (DE #77) is unrelated to Plaintiff's allegations, immaterial and is stricken. (DE #88 Order of September 15, 2014 top of P. 2)

### The Plaintiff is Prejudiced by the Striking of the Notice of Ignition Switch Recall

The Plaintiff argues that he is severely prejudiced by the court's unnecessary ruling. The purpose of filing DE # 77 Notice to the Court of Chrysler Ignition Switch Recall was in response to every one of the Defendants Motions to Dismiss alleging that the allegations in the complaint were not plausible. One of the allegation in the complaint was that the Defendants had prior knowledge that the Chrysler 300 had a defective ignition. The ignition switch was in such short supply (no inventory) that the Bosak Motors Auto Dealership could not even timely order and receive the ignition switch. (DE #1 Par. 62, 78, 103) The 2 Exhibits ~~complaint~~ state information that is relevant and material to the Plaintiff's case. (DE #77)

1. **PRIOR KNOWLEDGE OF IGNITION CHRYSLER SWITCH PROBLEMS.**

   The years are prior to, the same as and just after the year 2006 Chrysler 300. (DE #1 Par. 51-66)

2. **CAUSATION.** "The driver may accidentally hit ignition key with their knee, unintentionally knocking the key out of the run position, turning off the engine." This causation is the same across the entire industry because the ignition switch is of common design. (DE #77 Exhibit 2 top of P. 1)(Also see the Plaintiff's Objection to the Motion to Strike) [Exhibit 1 P.1]

3. **SHOCKS AND STRUTS.** Same common other mechanical problems (DE # 77 Exhibit 2 bottom P.2) (DE #1 Par. 62, 78, 103)

4. **CHRYSLER'S REFUSAL TO CORRECT IDENTIFIED PROBLEMS.** The NHTSA requested that Chrysler recall the 2008-2009 vehicles. Chrysler said no. (DE #77 EXHIBIT 2 PAR. 9)

The Foregoing representations were made to the best of my knowledge and belief.

Respectfully submitted,

_Robert M. Holland III_

Robert M. Holland III, Pro Se

Plaintiff

1120 Baker Street

Gary, Indiana 46404

TEL (219) 427-4582

4

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF INDIANA

### CERTIFICATE OF SERVICE

I certify that on the 25th day of September, 2014, service of a true and complete copy of the above and foregoing pleading or paper was made upon:

**The Clerk of the Court**, United States District Court, 5400 Federal Plaza, Hammond, IN 46320

**Judge Rudy Lozano**
7th Circuit District Court Judge
Northern District of Indiana, Hammond Division
5400 Federal Plaza, Hammond, Indiana 46320
TEL (219) 852-6700

**Jason R. Barclay and Mark D. Stuann**, Barnes & Thornburg, LLP, 11 South Meridian Street, Indianapolis, IN 46204
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), and Robert Nardelli (CEO of Cerberus O & AC, LLC)
TEL (317) 231-7250

**Howard Godnick and Joshua Schonauer**, Schulte, Roth & Zabel, LLP, 919 Third Avenue, New York, New York 10022
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), Robert Nardelli (CEO of Cerberus O & AC, LLC), Chrysler Financial, LLC (aka TD Bank, Group (N.A.))
TEL (212) 593-5955

**James P. Buchholz**, 127 W. Berry Street, Suite 1200, Fort Wayne, Indiana 46802
Attorney for Bosak Motors Auto Dealership, Mr. & Mrs. Skip Bosak (Owners of Bosak Motors Auto Dealership), John Schultheis (General Manager, Bosak Motors), Jonathan Jeffries (Service Manager, Bosak Motors)
TEL (260) 426-0545

**James Todd**, Weltman, Weinberg & Reis Co., LPA, 525 Vine St., Suite 800, Cincinnati, Ohio 45202
Attorney for Chrysler Financial, LLC and Kimberly Johnson (Chrysler Financial Collections/Repossession Unit)
TEL (513) 723-2200

**Rosemary Taft-Milby**, Weltman, Weinberg & Reis Co., LPA, 323 W. Lakeside Avenue, Suite 200, Cleveland, OH 44113
Attorney for Chrysler Financial, LLC and Kimberly Johnson (Chrysler Financial Collections/Repossession Unit)
TEL (513) 723-2200

**Robert Holland**, Pro Se, Plaintiff, 1120 Baker Street, Gary, Indiana 46404

TEL (219) 427-4582

\_\_\_X\_\_\_\_   By depositing in the U.S. Mail properly addressed and with sufficient first class postage affixed or the federal electronic filing system at the office of the clerk.

_____   By personal delivery or fax.

*/s/ Robert M. Holland III*

Robert M. Holland III, Pro Se