UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ROBERT HOLLAND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.  2:13-CV-00491-RL-JEM |
| | ) | |
| CEREBERUS CAPITAL MANAGEMENT, L.P., *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

### CERBERUS DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CORRECT ERRORS AND SET ASIDE DE #88

Cerberus Capital Management, LP, Robert Nardelli, and Stephen Feinberg ("Cerberus Defendants"), by and through their counsel, submit the following response in opposition to Plaintiff's Motion to Correct Errors and Set Aside DE #88:

1. On September 15, 2014, the Court issued an Order granting Cerberus Defendants' Motion to Strike Plaintiff's Notice to the Court of Chrysler Ignition Switch Recall and RICO Case Statement, as to the Plaintiff's Notice to the Court of Chrysler Ignition Switch Recall.  (Dkt No. 88; "Order").

2. On September 26, 2014, Plaintiff filed a Motion to Correct Errors and Set Aside DE #88 the Order Striking DE #77 Notice to the Court of Chrysler Ignition Switch Recall (Dkt. No. 92; "Motion").

3. In part, Plaintiff relies on Federal Rules of Civil Procedure 59 and 60 in his Motion.

4.	Neither Rule 59 nor Rule 60 provides a basis for the relief requested by Plaintiff.  As its title suggests, Rule 59 deals with motions for a new trial or for the alteration or amendment of a judgment.  The Court's Order was not the result of a trial and is not a judgment.  Rule 60 does provide for relief from a Court Order.  However, none of the bases on which such relief may be awarded under that Rule are presented by Plaintiff in his Motion.  *See* Fed. R. Civ. P. 60(b).  While Rule 60(b)(6) does provide that relief may be granted for "any other reason that justifies relief", Plaintiff's Motion does not present a rationale or argument that justifies the relief requested pursuant to Rule 60(b)(6).

5.	Plaintiff acknowledges in his Motion that rulings on motions to strike under Federal Rule of Civil Procedure 12(f) are left to the Court's discretion. Motion, pp. 2-3; *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009) (the Court "has considerable discretion in striking any redundant, immaterial, impertinent or scandalous matter" (citing *Talbot v. Robert Matthews Distrib. Co.,* 961 F.2d 654, 665 (7th Cir. 1992)); *Bonner v. Burnham*, 2014 U.S. Dist. LEXIS 108531 *13 (N.D. Ill. Aug. 7, 2014) ("District courts have considerable discretion under Rule 12(f)." (citing *Delta,* 554 F.3d at 1141-42)); *Zabielski-Schroeder v. Menard, Inc.,* 2014 U.S. Dist. LEXIS 91457 *8 (N.D. Ind. July 7, 2014).  However, Plaintiff makes no argument, and makes no effort to argue, as to how the Court abused its discretion by issuing its Order.

For the reasons set forth above, Cerberus Defendants respectfully request that the Court deny Plaintiff's Motion to Correct Errors and Set Aside DE #88, and grant such further relief as the Court deems appropriate.

          Respectfully submitted,

          *s/ Mark D. Stuaan*
          Jason R. Barclay
          Mark D. Stuaan
          BARNES & THORNBURG LLP
          11 South Meridian Street
          Indianapolis, Indiana  46204
          Telephone: 317/236-1313
          Facsimile: 317/231-7433
          E-Mail: jason.barclay@btlaw.com
          E-Mail: mark.stuaan@btlaw.com

          Howard O. Godnick (*pro hac vice*)
          Joshua R. Schonauer (*pro hac vice*)
          SCHULTE ROTH & ZABEL LLP
          919 Third Avenue
          New York, NY 10022
          Tel.   (212) 756-2000
          Fax   (212) 593-5955
          Email:  howard.godnick@srz.com
          Email:  joshua.schonauer@srz.com

          Attorneys for Defendants Cerberus Capital Management, L.P., Stephen Feinberg and Robert Nardelli

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2014, a copy of the foregoing was filed electronically and has been served on all counsel of record by the Court's ECF filing system.

Additionally, a copy of the foregoing was sent to the following *pro se* Plaintiff by depositing the same in the United States mail, first class, postage prepaid:

> Robert Holland
> 1120 Baker Street
> Gary, IN 46404

*s/ Mark D. Stuaan*
Mark D. Stuaan

INDS01 1477475v1