IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 2:13-cv-00491 |
| | ) |
| CERBERUS CAPITAL MANAGEMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the: (1) "Request for Clerk's Entry of Default Judgment," filed by pro se Plaintiff, Robert Holland, on June 19, 2014 (DE #37); (2) "Motion for Final Judgment Sum Certain," filed by pro se Plaintiff, Robert Holland, on June 25, 2014 (DE #45); and (3) "Request for Default Judgment Sum Certain by the Clerk of the Court," filed by pro se Plaintiff Robert Holland, on July 29, 2014 (DE #71).

For the reasons set forth below, the Request for Clerk's Entry of Default Judgment (DE #37) is **GRANTED in PART** - the Clerk is **ORDERED** to enter default in favor of Plaintiff and against Defendants Bull Dog Towing and the CEO of Bull Dog Towing. The request for default judgment embedded in that same motion (DE #37) **REMAINS UNDER ADVISEMENT**, and the Court hereby **ORDERS** a **HEARING** to determine the amount of damages, at which Plaintiff and Defendants,

Bull Dog Towing and the CEO of Bull Dog Towing, are **ORDERED** to attend, before this Court on **November 4, 2014, at 1:00 p.m.** Attendance by the other defendants in the case who have filed motions to dismiss is optional.  The Clerk is **DIRECTED** to mail copies of this Order to the address where service was obtained on Defendants, Bull Dog Towing and the CEO of Bull Dog Towing.

The Request for Default Judgment (DE #71) against Defendant, Paul Davis, **REMAINS UNDER ADVISEMENT**, and the Court hereby **ORDERS a HEARING** to determine the amount of damages, at which Plaintiff and Defendant, Paul Davis, are **ORDERED** to attend, before this Court on **November 4, 2014, at 1:00 p.m.**  Attendance by the other defendants in the case who have filed motions to dismiss is optional.  The Clerk is **DIRECTED** to mail a copy of this Order to the address where service was obtained on Paul Davis.

The Motion for Final Judgment (DE #45) is duplicative, and is **DENIED AS MOOT.**

BACKGROUND

Holland filed a "Request for Default Judgment Sum Certain by the Clerk of the Court," on July 29, 2014 (DE #71), requesting default judgment against Defendant, Paul Davis.  Paul Davis has not appeared in this case.  This Court ordered Holland to file a memorandum showing why he has perfected service upon Paul Davis in

accordance with Federal Rule of Civil Procedure Rule 4(e). He filed a memorandum on September 26, 2014 (DE #91) showing he served the summons in accordance with Federal Rule of Civil Procedure 4(e) and Indiana state law.

Holland also filed a "Request for Clerk's Entry of Default Judgment" (DE #37) and "Motion for Final Judgment" (DE #45), requesting the entry of default and default judgment against Defendants Bull Dog Towing and the CEO of Bull Dog Towing. Holland was also ordered to file a memorandum showing that he perfected service on Bull Dog Towing and the CEO of Bull Dog Towing, and he filed a memorandum on September 26, 2014 (DE #90) showing he properly served them via certified mail.

DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. When a defendant fails to answer a complaint or otherwise defend himself, the clerk can make an entry of default. Fed. R. Civ. P. 55(a); *see also Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) ("Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge.").

Entry of default must precede an entry of default judgment. *See, e.g., Hirsch v. Innovation Int'l*, No. 91 Civ. 4130, 1992 WL 316143, at *1 (S.D.N.Y. 1992). Although Rule 55(a) refers to the

3

entry of default by the clerk, "it is well-established that a default also may be entered by the court." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982); *Jackson*, 636 F.2d at 835.

In the instant case, the Clerk has not made an entry of default as to Bull Dog Towing and the CEO of Bull Dog Towing.[1] When deciding a motion for entry of default judgment, if there is no entry of default by the clerk, courts can treat such motions as requests for both: (1) an order to the clerk to enter the default; and (2) entry of default judgment. *Hirsch*, 1992 WL 316143, at *1. Therefore, the Court will consider Hollands's motion as to Bull Dog Towing and the CEO of Bull Dog Towing as a petition for entry of default and a default judgment.

Plaintiff filed suit against multiple Defendants, including Paul Davis, Bull Dog Towing, and the CEO of Bull Dog Towing, on December 30, 2013 (DE #1). Service was perfected on these Defendants, and proofs of service were filed with the Court on June 4, 2014 (DE ##9, 10, 16). No one has appeared on behalf of Paul Davis, Bull Dog Towing, or the CEO of Bull Dog Towing, and no one has responded to the complaint on their behalf.

Federal Rule of Civil Procedure 55 governs the entry of default and default judgments. When a defendant fails to answer a

---

[1] The Clerk has, however, made an entry of default as to Paul Davis. (DE #60.)

complaint or otherwise defend himself, the Clerk can make an entry of default. Fed. R. Civ. P. 55(a); *see also Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980) ("Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge."). Entry of default must precede an entry of default judgment. *See, e.g., Hircsh v. Innovation Int'l, Inc.*, No. 91 Civ. 4130, 1992 WL 316143, at *1 (S.D.N.Y. Oct. 19, 1992). Here, the Clerk entered default as to Paul Davis on July 17, 2014 (DE #60). An entry of default is also proper as to Defendants, Bull Dog Towing and the CEO of Bull Dog Towing.

In a motion for default judgment, the well-pleaded allegations of a complaint relating to the amount of damages suffered must be proved. *Yang v. Hardin,* 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci,* 879 F.2d 1488, 1497 (7th Cir. 1988)). Before the entry of default judgment, Federal Rule of Civil Procedure 55(b)(2) provides that the district court "may conduct hearings or make referrals" when it needs to conduct an accounting, or determine the amount of damages. Fed. R. Civ. P. 55(b)(2). Such proceedings are required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983) (citations omitted).

In this case, Plaintiff has requested $41,833,455 in damages. (DE ## 71, 32).  He requested $41,750,000 in punitive damages. (DE #32.)  Because it appears that the alleged damages are not easily ascertained or submitted to the Court in the form of affidavits or other written documentary evidence, the Court will hold a hearing on damages.  The parties are ordered to attend the hearing, present any evidence on their behalf, and come prepared with legal arguments supporting the availability of punitive damages.


**DATED: October 8, 2014**            **/s/ RUDY LOZANO, Judge**
                                      **United States District Court**