```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION
```

ROBERT HOLLAND                          )
                                        )
Plaintiff,                              )
                                        )
vs.                                     ) No. 2:13-cv-00491
                                        )
CERBERUS CAPITAL MANAGEMENT,            )
*et al.*,                               )
                                        )
Defendants.                             )

### ORDER

This matter is before the Court on the "Motion to Correct Errors and Set Aside DE #88 The Order Striking DE #77 Notice to the Court of Chrysler Ignition Switch Recall," filed by pro se Plaintiff, Robert Holland, on September 26, 2014 (DE #92). For the reasons set forth below, the Motion (DE #92) is **DENIED**.

On September 15, 2014, this Court issued an order granting the Cerberus Defendants' Motion to Strike Plaintiff's Notice to the Court of Chrysler Ignition Switch Recall (DE #88). The instant motion requests that the Court set aside that order. Plaintiff relies upon Federal Rules of Civil Procedure Rules 12, 59, and 60 in support of his request.

Rule 59 deals with motions for a new trial, or alteration or amendment of a judgment. The Court's Order striking a document from the record (DE #88) is not the result of a trial, and is not

a judgment.  Thus, Rule 59 provides no relief.

Rule 60 can provide relief from a Court Order, however, none of the listed bases for relief under Rule 60(b) are enumerated by Plaintiff in his motion.  Rule 60(b)(6) states relief may be granted for "any other reason that justifies relief," but the instant motion fails to set forth any rational or compelling reason to strike this Court's well-reasoned order.

Motions to strike under Rule 12(f) are left to the Court's discretion. *See, e.g., Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (stating the Court "has considerable discretion in striking any redundant, immaterial, impertinent or scandalous matter").  Here, the Court found the recall notice was unrelated to Plaintiff's allegations, and immaterial.  Nothing in the current motion shows otherwise, or shows how the Court abused its discretion.  Consequently, the motion (DE #92) is **DENIED**.


**DATED: October 29, 2014**                    /s/ RUDY LOZANO, Judge
                                               **United States District Court**

2