# UNITED STATES DISTRICT COURT
## FOR THE SEVENTH CIRCUIT
## HAMMOND DIVISION

ROBERT HOLLAND, )
    Plaintiff – Appellant )
)
VS. ) District Court Case No.: 2:13-CV-00491
)
CERBERUS CAPITAL )
MANAGEMENT, LLP, et al, )
    Defendants – Appellees. )

### BRIEF ON TREBLE DAMAGES PURSUANT TO STATE LAW

Comes now the Plaintiff, Robert Holland, Pro Se, and files this Brief on Punitive Damages in this case pursuant to Federal Rule of Civil Procedure 54, 55, 56 and 58. In support of this Motion the Plaintiff Robert Holland states the following:

Indiana Code **34-24-3-1 Damages in civil action** allows the Plaintiff Robert Holland treble damages.

**The Default by the Defendants**

When the Defendants defaulted they relieved the plaintiff of the burden of establishing that the defendants had committed one of the offenses referred to in the statute, and it was therefore not error to apply the statute in determining the amount of damages to be entered in judgment. Teegardin v. Maver's, Inc., 622 N.E.2d 530, 1993 Ind. App. LEXIS 1245 (1993).

**34-24-3-1. Damages in civil action.**

If a person has an unpaid claim on a liability that is covered by IC 24-4.6-5 or suffers a pecuniary loss as a result of a violation of IC 35-43, IC 35-42-3-3, IC 35-42-3-4, or IC 35-45-9, the person may bring a civil action against the person who caused the loss for the following:

(1) An amount not to exceed three (3) times:

(A) the actual damages of the person suffering the loss, in the case of a liability that is not covered by IC 24-4.6-5; or

(B) the total pump price of the motor fuel received, in the case of a liability that is covered by IC 24-4.6-5.

(2) The costs of the action.

(3) A reasonable attorney's fee.

(4) Actual travel expenses that are not otherwise reimbursed under subdivisions (1) through (3) and are incurred by the person suffering loss to:

(A) have the person suffering loss or an employee or agent of that person file papers and attend court proceedings related to the recovery of a judgment under this chapter; or

(B) provide witnesses to testify in court proceedings related to the recovery of a judgment under this chapter.

(5) A reasonable amount to compensate the person suffering loss for time used to:

(A) file papers and attend court proceedings related to the recovery of a judgment under this chapter; or

(B) travel to and from activities described in clause (A).

(6) Actual direct and indirect expenses incurred by the person suffering loss to compensate employees and agents for time used to:

(A) file papers and attend court proceedings related to the recovery of a judgment under this chapter; or

(B) travel to and from activities described in clause (A).

(7) All other reasonable costs of collection.

The following include but are not limited to violations that are applicable in this case.

IC 35-43-1-2 Criminal mischief

Indiana Code 35-43-4-2. Theft; receiving stolen property

Indiana Code 35-43-4-2.5. Auto theft; receiving stolen auto parts

Indiana Code 35-43-4-3. Conversion

Indiana Code 35-43-2-2. Criminal trespass

Indiana Code 35-43-4-2.7: Unlawful entry of motor vehicle

Indiana Code 35-43-5-8. Fraud on financial institutions

Indiana Code - Section 35-42-5-1: Robbery

A conviction under IC 35-43-1-1 et seq. is not a condition precedent to recovery under this section. James v. Brink & Erb, Inc., 452 N.E.2d 414, 1983 Ind. App. LEXIS 3259 (1983).

A suit filed pursuant to this section is not a criminal prosecution instituted by the state and cannot result in imprisonment of the defendant. James v. Brink & Erb, Inc., 452 N.E.2d 414, 1983 Ind. App. LEXIS 3259 (1983).

This section creates a civil action arising from criminal behavior. Lambert v. Yellowbird, Inc., 496 N.E.2d 406, 1986 Ind. App. LEXIS 2819 (1986), clarified, 498 N.E.2d 80, 1986 Ind. App. LEXIS 3357 (1986).

The award of damages beyond actual damages is within the discretion of the trial court. Burgett v. Haynes, 572 N.E.2d 1296, 1991 Ind. App. LEXIS 936 (1991).

A criminal conviction is not a condition precedent to recovery under this section. Excel Industries, Inc. v. Signal Capital Corp., 574 N.E.2d 946, 1991 Ind. App. LEXIS 1181 (1991).

 These damages are NOT dischargeable in bankruptcy.

 Creditor was awarded summary judgment on her claim that a judgment she obtained under IC 34-24-3-1, based on an allegation that a business partner who later declared Chapter 7 bankruptcy used her credit card number without authorization to purchase items for her personal use, was nondischargeable under 11 U.S.C.S. § 523(a)(2)(A). The business partner

was also charged with fraud in violation of IC 35-43-5-4 and pled guilty to the charge, and she was estopped from contesting the creditor's claim because the state courts' findings in the civil case and the criminal case met the definition of "actual fraud" under § 523(a)(2)(A). In re Judith Ann Peters, -- Bankr. --, 2012 Bankr. LEXIS 1307 (2012).

Some exemplary damages under IC 34-24-3-1 were appropriate for plaintiff's claims of theft, receipt of stolen property, and criminal mischief where defendant's frauds were conducted over several years, cost his employers millions of dollars, and represented a gross betrayal of his duty to them; cutting against a request for treble damages was the fact that defendant only personally gained $299,805 from his malfeasance, essentially admitted his fraudulent actions and liability, and other employees were also at fault. Thor Indus. v. Schwartzhoff, -- F. Supp. 2d --, 2008 U.S. Dist. LEXIS 87765 (2008).

Respectfully Submitted,

_Robert M. Holland_

Robert Holland, Pro Se
1120 Baker Street
Gary, Indiana 46404
TEL (219) 944-2323

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF INDIANA

## CERTIFICATE OF SERVICE

I certify that on the 10th day of November, 2014, service of a true and complete copy of the above and foregoing pleading or paper was made upon:

**The Clerk of the Court**, United States District Court, 5400 Federal Plaza, Hammond, IN 46320
**Judge Rudy Lozano**
7th Circuit District Court Judge
Northern District of Indiana, Hammond Division
5400 Federal Plaza, Hammond, Indiana 46320
TEL (219) 852-6700

**Jason R. Barclay and Mark D. Stuann**, Barnes & Thornburg, LLP, 11 South Meridian Street, Indianapolis, IN 46204
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), and Robert Nardelli (CEO of Cerberus O & AC, LLC)
TEL (317) 231-7250

**Howard Godnick and Joshua Schonauer**, Schulte, Roth & Zabel, LLP, 919 Third Avenue, New York, New York 10022
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), Robert Nardelli (CEO of Cerberus O & AC, LLC), Chrysler Financial, LLC (aka TD Bank, Group (N.A.))
TEL (212) 593-5955

**James P. Buchholz**, 127 W. Berry Street, Suite 1200, Fort Wayne, Indiana 46802
Attorney for Bosak Motors Auto Dealership, Mr. & Mrs. Skip Bosak (Owners of Bosak Motors Auto Dealership), John Schultheis (General Manager, Bosak Motors), Jonathan Jeffries (Service Manager, Bosak Motors)
TEL (260) 426-0545

**James Todd**, Weltman, Weinberg & Reis Co., LPA, 525 Vine St., Suite 800, Cincinnati, Ohio 45202
Attorney for Chrysler Financial, LLC and Kimberly Johnson (Chrysler Financial Collections/Repossession Unit)
TEL (513) 723-2200

**Rosemary Taft-Milby**, Weltman, Weinberg & Reis Co., LPA, 323 W. Lakeside Avenue, Suite 200, Cleveland, OH 44113
Attorney for Chrysler Financial, LLC and Kimberly Johnson (Chrysler Financial Collections/Repossession Unit)
TEL (513) 723-2200

**Robert Holland**, Pro Se, Plaintiff, 1120 Baker Street, Gary, Indiana 46404
TEL (219) 427-4582

    __X__     By depositing in the U.S. Mail properly addressed and with sufficient first class postage affixed or the federal electronic filing system at the office of the clerk.
    _____     By personal delivery or fax.

_____
Robert M. Holland III, Pro Se