UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Cause No.: 2:13-CV-491 |
| Cerberus Capital Management, LP, ) | |
| Stephen Feinberg (CEO Cerberus Capital ) | |
| Management, LP), Robert Nardelli (CEO of Cerberus) | |
| O & AC, LLC), CEO New Chrysler Corporation, ) | |
| CEO Old Chrysler Corporation, ) | |
| Chrysler Financial, LLC (TD Bank, Group (N.A.)), ) | |
| Paul Davis, (Supervisor Chrysler Customer ) | |
| Assistance Team), Kimberly Johnson (Chrysler ) | |
| Financial Collections/Repossession Unit), ) | CEo Chrysler |
| Bosak Motors Auto Dealership, ) | |
| Mr. & Mrs. Skip Bosak (Owners of Bosak Motors ) | |
| Auto Dealership), John Schultheis (General Manager) | |
| Bosak Motors), Jonathan Jeffries (Service Manager ) | |
| Bosak Motors), Mike Grzbowski (Salesman Bosak ) | |
| Motors), CEO of Bull Dog Towing and Bull Dog ) | |
| Towing. ) | |
| Defendants. ) | |

NOTICE OF SUMMARY-JUDGMENT MOTION

A summary-judgment motion has been filed against you. Attached to this notice is a copy of the motion. The motion asks the court to decide all or part of your case without a trial. The party that filed this motion does not think that a full trial is necessary. The motion says that there should not be a full trial because you cannot win on some or all of your claims. The motion asks the court to enter judgment against you.

Rule 56 and Local Rule 56.1 are set forth below. You should read—and follow—all the rules carefully. The outcome of this case may depend on it. Following the rules does not guarantee that the summary-judgment motion will be denied. But if you do not follow the rules, you may lose this case.

Before the court rules on the motion, you have the right to file a response. If you do not respond to the summary-judgment motion, you may lose this case. If you need more time to respond, you must file a motion asking for more time before the deadline expires. The court may—but is not required to—give you more time.

**Fed. Rule Civ. Proc. 56. Summary Judgment**

(a) **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense-- on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) **Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) **Procedures.**

(1) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of

a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) **Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) **Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

(4) **Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials--including the facts

considered undisputed--show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) **Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) **Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

(h) **Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

### N.D. Ind. L.R. 56.1

(a) **Moving Party's Obligations**. The brief supporting a summary-judgment motion or the brief's appendix must include a section labeled "Statement of Material Facts" that identifies the facts that the moving party contends are not genuinely disputed.

(b) **Opposing Party's Obligations.**

(1) **Required Filings**. A party opposing the motion must, within 28 days after the movant serves the motion, file and serve

(A) a response brief; and

(B) any materials that the party contends raise a genuine dispute.

(2) **Content of Response Brief or Appendix**. The response brief or its appendix must include a section labeled "Statement of Genuine Disputes" that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary.

(c) **Reply**. The movant may file a reply brief within 14 days after a response is served.

(d) **Oral Argument**. The court will decide summary-judgment motions without oral argument unless a request under L.R. 7.5 is granted or the court directs otherwise.

(e) **Disputes about Admissibility of Evidence**. Any dispute regarding the admissibility of evidence should be addressed in a separate motion.

(f) **Notice Requirement for *Pro Se* Cases**. A party seeking summary judgment against an unrepresented party must serve that party with the notice contained in Appendix C.

Certificate of Service

On November 19, 2014, I served a copy of this notice via U.S. mail on Defendant CEO Chrysler, a *pro se* party at 2777 Inkster Road, Farmington Hills, Michigan 48334

Robert Holland

[Plaintiff Pro Se]

Sincerely,

Robert Holland, Pro Se

1120 Baker Street

Gary, Indiana 46404

TEL (219) 944-2323

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
## CERTIFICATE OF SERVICE

I certify that on the 19th day of November, 2014, service of a true and complete copy of the above and foregoing pleading or paper was made upon:

**The Clerk of the Court**, United States District Court, 5400 Federal Plaza, Hammond, IN 46320
**Judge Rudy Lozano**
7th Circuit District Court Judge
Northern District of Indiana, Hammond Division
5400 Federal Plaza, Hammond, Indiana 46320
TEL (219) 852-6700

**Jason R. Barclay and Mark D. Stuann**, Barnes & Thornburg, LLP, 11 South Meridian Street, Indianapolis, IN 46204
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), and Robert Nardelli (CEO of Cerberus O & AC, LLC)
TEL (317) 231-7250

**Howard Godnick and Joshua Schonauer**, Schulte, Roth & Zabel, LLP, 919 Third Avenue, New York, New York 10022
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), Robert Nardelli (CEO of Cerberus O & AC, LLC), Chrysler Financial, LLC (aka TD Bank, Group (N.A.))
TEL (212) 593-5955

**James P. Buchholz**, 127 W. Berry Street, Suite 1200, Fort Wayne, Indiana 46802
Attorney for Bosak Motors Auto Dealership, Mr. & Mrs. Skip Bosak (Owners of Bosak Motors Auto Dealership), John Schultheis (General Manager, Bosak Motors), Jonathan Jeffries (Service Manager, Bosak Motors)
TEL (260) 426-0545

**James Todd**, Weltman, Weinberg & Reis Co., LPA, 525 Vine St., Suite 800, Cincinnati, Ohio 45202

Attorney for Chrysler Financial, LLC and Kimberly Johnson (Chrysler Financial Collections/Repossession Unit)
TEL (513) 723-2200

**Paul Davis**

**CEO of Bull Dog Towing and Bull Dog Towing**
**Robert Holland**, Pro Se, Plaintiff, 1120 Baker Street, Gary, Indiana 46404
TEL (219) 427-4582

    X     By depositing in the U.S. Mail properly addressed and with sufficient first class postage affixed or the federal electronic filing system at the office of the clerk.

          By personal delivery or fax.

*[signature]*

Robert M. Holland III, Pro Se