```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

ROBERT HOLLAND,                    )
                                   )
Plaintiff,                         )
                                   )
vs.                                ) No. 2:13-cv-00491
                                   )
CERBERUS CAPITAL MANAGEMENT,       )
*et al.*,                          )
                                   )
Defendants.                        )

## ORDER

This matter is before the Court on the: Motion to Reconsider the Judgment of November 18, 2014, filed by pro se Plaintiff, Robert Holland, on November 26, 2014 (DE #112); and the Motion to Correct Errors and Set Aside the Judgment of November 18, 2014, filed by pro se Plaintiff, Robert Holland, on November 26, 2014 (DE #113). Additionally, the Court takes note that Holland filed a "Supplement to the Motion to Correct Errors and Set Aside The Judgment of November 18, 2014." (DE #114.) For the reasons set forth below, both motions (DE ##112, 113) are **DENIED**.

The Motion to Reconsider (DE #112) is specifically labeled as a motion to reconsider. The purpose of a Rule 59(e) motion to reconsider is to bring to the court's attention "a manifest error of law or fact, or newly discovered evidence." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)

(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.* (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). It is not intended as an opportunity to reargue the merits of a case. *See Neal v. Newspaper Holdings, Inc.* 349 F.3d 363, 368 (7th Cir. 2003) (affirming district court's decision to deny appellants' Rule 59(e) motion to alter or amend judgment where plaintiff simply reargued the merits of his case); *see also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."). Moreover, the moving party must "clearly establish" a manifest error of law or an intervening change in the controlling law or present newly discovered evidence to succeed under Rule 59(e). *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001).

In this case, reconsideration is not warranted. Holland has pointed to no manifest error, newly discovered evidence, or change in law. In its 31-page opinion, this Court addressed the claims articulated in the complaint, and addressed Holland's motions for default judgment - denying them because the allegations in the

2

complaint were not sufficient to establish legal claims. (DE #103, pp. 26-29.) To the extent Plaintiff complains that this Court ruled on his motion for default judgment "just 14 days" after the hearing (DE #112, p. 2), Plaintiff has had ample time to brief every motion in this case, and indeed has filed an extreme number of briefs and memoranda.  Those motions were previously briefed, and even after the hearing on November 4, 2014, Plaintiff still filed another Application for Judgment by Default on November 10, 2014 (DE #99) and a brief on the issue of damages on November 10, 2014 (DE #101).

The second motion, "To Correct Errors And Set Aside the Judgment of November 18, 2014," (DE #113) purports to be made pursuant to Federal Rules of Civil Procedure 54, 55, 56, 58, 59, and 60.  Rule 54 covers judgment and is inapplicable.  Rule 55 covers the entering of default judgment and is inapplicable.  Rule 56 governs motions for summary judgment and is inapplicable.  Rule 58 covers entering judgment and provides no relief.  Rule 59(e) has previously been discussed and rejected by this Court.  Rule 60(a) states the Court may correct a clerical mistake or a mistake arising from oversight or omission, but Holland has not set forth any such mistakes.  Rule 60(b) provides relief from an order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Holland does not

indicate under which prong of Rule 60 he seeks relief.  Rather, he simply rehashes arguments already presented to this Court in his briefs.  Thus, the requested relief under Rule 60 is denied.


**DATED: December 8, 2014**          **/s/ RUDY LOZANO, Judge**
                                     **United States District Court**