-FILED-

DEC 15 2014

ROBERT T. [illegible], Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF IN[illegible]

# UNITED STATES DISTRICT COURT
## FOR THE SEVENTH CIRCUIT
## HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND, ET AL ) | |
|    Plaintiffs – Appellants, ) | |
| ) | District Court Case No.: 2:13-CV-491 |
| VS. ) | |
| ) | |
| CERBERUS CAPITAL ) | |
| MANAGEMENT, LP, ET AL, ) | |
|    Defendants – Appellees. ) | |

### BRIEF ON MAGISTRATE'S ORDER DE #84

Comes now the Plaintiff, Robert Holland, Pro Se, and respectfully files this Brief on the Magistrate's Order DE #84 pursuant to FRCP 59 and 60 based upon a mistake of fact and law. In support of this Motion the Plaintiff Robert Holland states the following:

### STANDARD OF REVIEW

We do not reassess the magistrate's determinations; rather, we review de novo the district court's conclusions, which were reached following that court's own **de novo review** of the record created by the magistrate, *see* **Fed. R. Civ. P. 72(b)** (following objections by a party to a magistrate's recommendations, "the district judge to whom the case is assigned shall make a de novo determination upon the record"). La Preferida, Inc. v. Cerveceria Modelo, S.A. de C.V., No. 89-2089, 914 F.2d 900 (7th Cir. Ct. App. 1990) U.S. App. LEXIS 17173, January 17, 1990, Argued, September 27, 1990, Decided.

A district court may also assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district

judge makes the ultimate decision to adopt, reject, or modify it. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3). In those instances, a magistrate judge's proposed findings and recommendations are subject to a *de novo* review by the district court. *See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1120 (3rd Cir. 1986); *Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981).

## DISCUSSION

The decision made by the Magistrate Judge John E. Martin was issued in an order not a report or recommendation. Magistrate Judge John E. Martin issued an Order (DE #84) on August 12, 2014. E #84 reads as follows:

DE #84 ORDER granting 56 Motion for Extension of Time to Respond to Plaintiffs Complaint. Defendants Kimberly Johnson and TD Auto Finance LLC, successor in interest to named Chrysler Financial, LLC, have an extension through 7/25/2014 within which to respond to Plaintiffs Complaint, making the Motions to Dismiss filed on July 24, 2014, timely. Signed by Magistrate Judge John E Martin on 8/12/14. cc: Holland (mc) (Entered: 08/13/2014)

Holland objected (DE # 61, ████████████) to the Motion to Dismiss filed by Attorney Michael Herzoff. (DE #69 and #70) There was no de novo review by Judge Rudy Lozano. The Magistrate Judges Order (DE #84) was issued approximately 19 days after the Motion to Dismiss filed by Attorney Michael Herzoff (DE #69 and #70) or August 12, 2014. [handwritten: More than 30 days after the request for extension of time (DE#56)] The District Court never issued a de novo review of the August 12, 2014, Order of Magistrate Judge John E. Martin. (DE #84)

A hearing on damages was set for November 4, 2014. (DE #94) The Order of the Court (DE #94) was in Holland's favor, so there was no reason to object. On November 4, 2014, the District Court would not let Holland argue default, present case law and evidence of damages.

2

The Court stated that it needed 30-45 days to consider the case law regarding the predicate acts in the case. On or about November 18, 2014, the District Court issued a Final Order and Opinion. (DE #103 and #104) The District Court NEVER gave a de novo review of the Magistrate Judge John Martin's Order. (DE #84) Holland was not given an opportunity to argue on the DE #69 and #70 Motion to Dismiss by Attorney Michael Herzoff. The judgment is, therefore void.

Holland requests a Default against Chrysler Financial, LLC (TDAF) and Kimberly Johnson.

**ANALYSIS**

The Plaintiff Robert Holland requested a default against Paul Davis and Chrysler, LLC, (DE # 32) and the Bull Dog Towing Defendants (DE #37). Clerk's Entry of Default was entered for Paul Davis (DE #60) and the Bull Dog Towing Defendants (DE #95). **Chrysler Financial, LLC, (Chrysler and Chrysler Financial aka TDAF) NEVER filed a timely Answer or Motion to Dismiss in this case, NEVER requested an extension of time, NEVER provided a valid reason for an extension of time to Answer or file a Motion to Dismiss as required by the FRCP and local rule 6.1. The Court erred in not entering a judgment against Chrysler Financial, LLC as requested by the Plaintiff Robert Holland. (DE #72 and DE #99) Consider the following:** Attorney Michael Herzoff filed his appearance late on July 11, 2014, (DE #54 and #55) but never 1) **never filed or requested application to appear pro hac vice**, (L.R. 83.5) never requested an extension of time and then proceeded to file his brief late. (DE #69 and DE #70). Attorney Rosemary Taft –Milby filed her appearance late on July 30, 2014, but never requested an extension of time and then proceeded to file her brief late. (DE #73, #74, #81 and DE #82) This was well after the extension requested by Attorney James Todd until July 25, 2014 and this Court did not rule on the Motions to Dismiss filed by Ms. Rosemary Taft Milby. (DE #81 and #82). **Attorney James Todd filed for an initial extension of time to answer or file a Motion to Dismiss and filed a second request for an extension of time for his office to**

3

file a Motion to Dismiss (not any other office) but never filed an answer or motion to dismiss. (DE #23 and DE #31 P. 1 Par. 2)* Therefore, **the court erred in NOT granting the Plaintiff Robert Holland's request for Default Judgment. (DE #72 and 99) The Defendants Kimberly Johnson and Chrysler Financial, LLC, have not Answered or filed a Motion to Dismiss or any other responsive pleading to the complaint.** On August 12, 2014, or almost 3 months after service of the summons and complaint, Magistrate Judge Martin in error granted Attorney James Todd's request for Extension. Holland has been extremely prejudiced by the Magistrate's ruling (DE #84) *Holland did not consent to the Magistrate Assignment to the case.*

In addition, Holland was not allowed to argue the default and damages at the hearing on damages held on November 4, 2014. (Order DE #94 P. 6) The default of Paul Davis, Kimberly Johnson, Chrysler Financial, LLC, the CEO of Bull Dog Towing and the Bull Dog Towing Company means that the facts as alleged in the complaint are accepted as true. **A default against Kimberly Johnson and Chrysler Financial, LLC, is a judgment against Defendants Stephen Feinberg, Robert Nardelli and Cerberus Capital management.(DE #53, #99, #105, #113 and #114)**

Finally, **Summary Judgment** was not granted in this case by the Court in spite of evidence proving the Federal Claims FDCPA, FCRA, RICO (unlawful debt), Indiana Civil RICO and the state law claims. (DE #99, #105, #113 and #114). There are no genuine issues of a material fact, the Plaintiff Robert Holland is entitled to a judgment as a matter of law on all claims.

Respectfully Submitted,

Robert M. Holland IV

Robert Holland, Pro se

* DE #84 violated 1) L.R. 83.5, 2) L.R. 6-1 (b)(2) more than 30 days passed before the ruling, 3) DE# 61 was not denied 4) Attorney James Todd nor any other Attorney renewed the request for Extension 5) FRCP 72 (b), 6) Holland did not consent to [...]

4


1120 Baker Street

Gary, Indiana 46404

TEL (219) 427-4582

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## CERTIFICATE OF SERVICE

I certify that on the 15th day of December, 2014, service of a true and complete copy of

the above and foregoing pleading or paper was made upon:

**The Clerk of the Court**, United States District Court, 5400 Federal Plaza, Hammond, IN 46320
**Judge Rudy Lozano**
7th Circuit District Court Judge
Northern District of Indiana, Hammond Division
5400 Federal Plaza, Hammond, Indiana 46320
TEL (219) 852-6700

**Jason R. Barclay and Mark D. Stuann**, Barnes & Thornburg, LLP, 11 South Meridian Street, Indianapolis, IN 46204
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), and Robert Nardelli (CEO of Cerberus O & AC, LLC)
TEL (317) 231-7250

**Howard Godnick and Joshua Schonauer**, Schulte, Roth & Zabel, LLP, 919 Third Avenue, New York, New York 10022
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), Robert Nardelli (CEO of Cerberus O & AC, LLC), Chrysler Financial, LLC (aka TD Bank, Group (N.A.))
TEL (212) 593-5955

**James P. Buchholz**, 127 W. Berry Street, Suite 1200, Fort Wayne, Indiana 46802
Attorney for Bosak Motors Auto Dealership, Mr. & Mrs. Skip Bosak (Owners of Bosak Motors Auto Dealership), John Schultheis (General Manager, Bosak Motors), Jonathan Jeffries (Service Manager, Bosak Motors)
TEL (260) 426-0545

**James Todd**, Weltman, Weinberg & Reis Co., LPA, 525 Vine St., Suite 800, Cincinnati, Ohio 45202
Attorney for Chrysler Financial, LLC and Kimberly Johnson (Chrysler Financial

Collections/Repossession Unit)
TEL (513) 723-2200

**Paul Davis**

**CEO of Bull Dog Towing and Bull Dog Towing**

**Robert Holland**, Pro Se, Plaintiff, 1120 Baker Street, Gary, Indiana 46404
TEL (219) 427-4582

    X      By depositing in the U.S. Mail properly addressed and with sufficient first class postage affixed or the federal electronic filing system at the office of the clerk.

          By personal delivery or fax.

_____
Robert M. Holland III, Pro Se