UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION



-FILED-

DEC 22 2014

| | | |
|---|---|---|
| ROBERT HOLLAND, ET AL | ) | |
| Plaintiffs – Appellants, | ) | |
| | ) | District Court Case No.: 2:13-CV-491 |
| VS. | ) | |
| | ) | |
| CERBERUS CAPITAL MANAGEMENT, LP, ET AL, | ) ) | |
| Defendants – Appellees. | ) | |

## DOCKETING STATEMENT

Circuit Rule 3(c) dictates that the appellant file a docketing statement, which must include a jurisdictional statement in compliance with Circuit Rule 28(a), with the district court clerk at the time the notice of appeal is filed or with the clerk of the court of appeals within 7 days of filing the notice of appeal. *United States v. Lloyd*, 398 F.3d 978, 981 (7th Cir. 2005) (objections to the jurisdiction of the district court or the court of appeals should be noted in the docketing statement). The court prefers that the appellant file the docketing statement with the notice of appeal.

1. **The Appealed Orders of the District Court.** The Plaintiff – Appellant Robert Holland is appealing the Orders of the District Court Final Order and Opinion dated November 18, 2014, DE #103 and #104; DE #111 ORDER: Court DENIES 105 Motion for Summary Judgment. Signed by Judge Rudy Lozano on 11/24/2014. cc: Holland (tc) (Entered: 11/24/2014); DE #115 ORDER denying 112 Motion for Reconsideration the Judgment and denying 113 Motion to Correct Errors and Set Aside the Judgment. Signed by Judge Rudy Lozano on 12/8/14. cc:pltf (kjp) (Entered: 12/08/2014); DE #68 ORDER granting 63 Application to

Appear Pro Hac Vice of Attorney Rosemary Taft-Milby PHV for Chrysler Financial LLC, Paul Davis and for Kimberly Johnson. Signed by Magistrate Judge John E Martin on 7/24/14. (mc) (Entered: 07/24/2014); DE #84 ORDER granting 56 Motion for Extension of Time to Respond to Plaintiffs Complaint; *DE # 86 ORDER denying 32 Motion for Entry of Default. Signed by Judge Rudy Lozano on 9/3/14. cc: Holland (mc) (Entered: 09/03/2014); *DE #87 ORDER denying 38 Request for Default filed by pro se Plaintiff, Robert Holland. Signed by Judge Rudy Lozano on 9/3/14. cc: Holland (mc) (Entered: 09/03/2014) ; *DE #89 ORDER taking under advisement 37 Motion for Entry of Default; taking under advisement 45 Motion for Judgment as a Matter of Law; taking under advisement 71 Motion for Entry of Default; denying 72 Motion for Default Judgment. Holland is ORDERED to file a memorandum on or before September 30, 2014, showing why he has perfected service upon Paul Davis, Bull Dog Towing, and the CEO of Bull Dog Towing. Signed by Judge Rudy Lozano on 9/16/14. cc: Holland (mc) (Entered: 09/16/2014); *DE #94 ORDER: granting in part and denying in part 37 Motion for Entry of Default - the Clerk is ORDERED to enter default in favor of Plaintiff and against Defendants Bull Dog Towing and the CEO of Bull Dog Towing. The request for default judgment embedded in that same motion 37 REMAINS UNDER ADVISEMENT, and the Court hereby ORDERS a HEARING to determine the amount of damages, at which Plaintiff and Defendants, Bull Dog Towing and the CEO of Bull Dog Towing, are ORDERED to attend, before this Court on November 4, 2014, at 1:00 p.m. The Request for Default Judgment 71 against Defendant, Paul Davis, REMAINS

UNDER ADVISEMENT, and the Court hereby ORDERS a HEARING to determine the amount of damages, at which Plaintiff and Defendant, Paul Davis, are ORDERED to attend, before this Court on November 4, 2014, at 1:00 p.m. The Motion for Final Judgment 45 is duplicative, and is DENIED AS MOOT. Signed by Judge Rudy Lozano on 10/8/2014. (cc: Bull Dog Towing, CEO of Bull Dog Towing, Paul Davis) (rmn) (Entered: 10/09/2014)

2. **The Filing Date of the Notice of Appeal.** The Notice of Appeal was filed December 22, 2014.

3. **The Docketing Statement due date.** The Docketing Statement due date is December 29, 2014.

4. **The Jurisdiction for this Action brought before the 7th Circuit Court of Appeals.** The appeal is from a final judgment. (DE #103 and #104) Jurisdiction is based upon 28 U.S.C. Section 1331, 1332, 1343 and 1367, 18 U.S.C.S. 1962, 18 U.S.C.S. 1964 and 18 U.S.C.S. 1965 (RICO), 15 U.S.C.S. 1692 (FDCPA), 15 U.S.C.S. 1681 (FCRA) and on pendent jurisdiction of this Court to entertain claims arising under state law.

5. **This is a civil action for money damages** brought to vindicate the plaintiffs' rights under the First, Fifth, Fifth and Fourteenth Amendment to the United States Constitution, the Indiana Constitution, RICO, Indiana RICO, and RICO Conspiracy. The Defendants agreed through a conspiracy to engage in two or more acts (pattern) of racketeering activity, directly or indirectly participated in (and/or aided in) such activity, in an enterprise the activities of which affected interstate commerce directly causing substantial injury to

Robert Holland in his person, business, property and profession through racketeering activity of harassment, intimidation, extortion, mail fraud, wire fraud, bank fraud, money laundering, marketing and advertising fraud, warranty fraud, unlawful collection of a debt (in violation of the FDCPA, FCRA, IUCCC and ICPA), extortion, fraud, harassment, defamation, intimidation, bad faith breach of contract, bad faith breach of warranty, corrupt business influence, wrongful repossession, defamation, unlawful debt collection efforts and corrupt business influences and practices and various other federal, state, common law and tort laws.

6. The Court of Appeals has jurisdiction pursuant to Federal Rule of Appellate Procedure 3 As of Right and 28 U.S.C 1291 an appeal from a final judgment of the district court. The District Court and the Court of Appeals are authorized by 28 U.S.C. Section 1915 (a) and Federal Rule of Appellate Procedure to allow an appeal to be taken without prepayment of fees and costs or security for costs by a party who makes an affidavit that he or she cannot pay them. The Appellant Robert Holland paid the filing District Court filing fee after requesting informa pauperis status.

7. **The Record of the proceedings below.** The record is primarily the orders of the Court and the pleadings, motions and other filings by the Plaintiff.

8. **The Presiding District Court Judge.** The presiding Judge is Magistrate Judge Rudy Lozano of the 7th Circuit District Court for the Northern District of Indiana, Hammond Division, U.S. Courthouse, 5400 Federal Plaza, Hammond, Indiana 46320. (District Court Case No. 2:13-CV-491)

9. **The Result of Prior Proceedings** is a dismissal of the complaint by the District Court Judge Lozano Federal Claims with prejudice. State Claims without prejudice. (No amendment of the original complaint was allowed as a matter of right)

10. **A brief description of the reason for the appeal.** The District Court abused its discretion by dismissing the complaint. (No amendment of the original complaint was allowed as a matter of right)

11. Appellant's issues for appeal are the following:

12. **ISSUE #1 Whether Holland was entitled to a Default Judgment?**

13. **ISSUE #2 Whether the Complaint sufficiently Alleges the Existence of An Enterprise?**

14. **ISSUE #3 Whether each Defendant was Conducted the Affairs of the Enterprise not Just their Own Affairs?**

15. **ISSUE #4 Whether the Predicate Acts of Racketeering Activity violated RICO?**

16. **ISSUE #5 Whether there was a Pattern of Racketeering Activity?**

17. **ISSUE #6 Whether the Injury was by Conducting the Enterprise through a Pattern of Racketeering Activity 18 U.S.C. § 1962(c)?**

18. **ISSUE #7 Whether the Injury was by the Investment of the Racketeering Proceeds 18 U.S.C. § 1962(a)?**

5

19. **ISSUE #8 Whether the Injury was by Control of An Interest in a RICO Enterprise 18 U.S.C. § 1962(b)?**

20. **ISSUE #9 Whether the Injury was by Conspiracy to Violate 18 U.S.C. § 1962(a), (b) and (c)?**

21. **ISSUE #10 Vicarious Liability** See **Liquid Air Corp vs. Rogers, 834 F.2d 1297 (7th Cir. Ct. App. 1987)**?

22. **ISSUE #11 Whether the Defendants are liable pursuant to an Aiding and Abetting Theory of Liability?** (See RICO Case Statement (DE #78 P. 19-21))

23. **ISSUE #12 Whether the Defendants are liable pursuant to Indiana Civil RICO?** (See RICO Case Statement (DE #78 P. 21-23))

24. **ISSUE #13 Whether the Court has Personal Jurisdiction over all the Defendants** *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003), Also see RICO Case Statement (DE #78 P. 23-24).

25. **ISSUE #14 Whether the defendants are a Single Economic Enterprise**? (See RICO Case Statement (DE #78 P. 23-24)).

26. **ISSUE #15 Whether Holland is entitled to Summary Judgment?** (See Motion for Summary Judgment and Memo DE #105).

27. **ISSUE #16 Whether Holland is entitled to all the Damages requested?** (See DE #99, 100, and 101).

28. **ISSUE #17 Whether Holland should be granted his Request for Leave to Amend the Complaint**? (See RICO Case Statement (DE #78 P. 24 in Conclusion section)).

29. **ISSUE #18 Whether the Federal Claims of FDCPA, FCRA and RICO (Usury – unlawful collection of a debt) should have been dismissed?** (DE #103 and 104) (Also See Motion to Correct Errors filed on 12/16/14).

30. **ISSUE #19 Whether the Judgment is Void?** (DE #103 and 104) (See Brief on Magistrate's Order DE #84)(Also See Motion to Correct Errors filed on 12/16/14).

31. **ISSUE # 20 Whether the Complaint should be dismissed with prejudice?**

32. **ISSUE #21 Whether the District Court's failure to Strike the Appearances of the Counsel for Kimberly Johnson and Chrysler Financial, LLC, (aka TDAF) Attorney Michael Herzoff and the admission and consideration of his motion to dismiss prejudicial and fundamental error?**

The District Court allowed the Countrywide Defendants to defend in the case but did not allow Holland to prosecute. Also, neither did the District Court make any investigation of the parties and their counsel's failure to appear pro hac vice. (At the screening stage the Defendants should not be allowed to assert their defenses without allowing the Plaintiff the opportunity to prosecute his case)

33. **ISSUE #22 Whether the Plaintiff Robert Holland has had meaningful access to the Federal Courts?**

The Plaintiff Robert Holland has not had meaningful access to the federal courts. The Supreme Court found in *Bounds v. Smith*, 430 U.S. 817, 821, 52 L. Ed. 2d 72, 97 S. Ct. 1491 (1977). That the right to access (to the federal courts) is not absolute, but it must be "adequate, effective and meaningful." *Id.* at 822. Cited in

HARRY FRANKLIN, laintiff-Appellant, v. MS. MURPHY and HOYT CUPP, et al., Defendants-Appellees, Nos. 83-3939, 83-3978, UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT, 745 F.2d 1221; 1984 U.S. App. LEXIS 17458, 1984. Our conclusion today is consonant with Congress' overarching goal in enacting the *in forma pauperis* statute: "to assure equality of consideration for all litigants." *Coppedge* v. *United States*, 369 U.S. 438, 447 (1962); see also H. R. Rep. No. 1079, 52d Cong., 1st Sess., 1 (1892). Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of the case. *Brandon* v. *District of Columbia Board of Parole*, 236 U.S. App. D. C. 155, 158, 734 F. 2d 56, 59 (1984), cert. denied, 469 U.S. 1127 (1985).

**The prayer for relief.** The Plaintiff – Appellant Robert Holland requests that this honorable Appellate Court GRANT the Plaintiff Appellant In Forma Pauperis status, APPOINT Counsel for the appeal, REVERSE the decision of the lower district court granting dismissing the Complaint, and GRANT Summary Judgment against all the Defendants jointly and severally and for all other just and proper relief.

Respectfully Submitted,

*/s/ Robert M. Holland III*

Robert M. Holland III, Pro Se

1120 Baker Street

Gary, Indiana 46404

TEL (219) 427-4582

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
CERTIFICATE OF SERVICE

I certify that on the 22nd day of December, 2014, service of a true and complete copy of the above and foregoing pleading or paper was made upon:

**The Clerk of the Court**, United States District Court, 5400 Federal Plaza, Hammond, IN 46320

**Judge Rudy Lozano**
7th Circuit District Court Judge
Northern District of Indiana, Hammond Division
5400 Federal Plaza, Hammond, Indiana 46320
TEL (219) 852-6700

**Jason R. Barclay and Mark D. Stuann**, Barnes & Thornburg, LLP, 11 South Meridian Street, Indianapolis, IN 46204
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), and Robert Nardelli (CEO of Cerberus O & AC, LLC)
TEL (317) 231-7250

**Howard Godnick and Joshua Schonauer**, Schulte, Roth & Zabel, LLP, 919 Third Avenue, New York, New York 10022
Attorneys for Defendants Cerberus Capital Management, LP, Stephen Feinberg (CEO of Cerberus Capital Management, LP), Robert Nardelli (CEO of Cerberus O & AC, LLC), Chrysler Financial, LLC (aka TD Bank, Group (N.A.))
TEL (212) 593-5955

**James P. Buchholz**, 127 W. Berry Street, Suite 1200, Fort Wayne, Indiana 46802
Attorney for Bosak Motors Auto Dealership, Mr. & Mrs. Skip Bosak (Owners of Bosak Motors Auto Dealership), John Schultheis (General Manager, Bosak Motors), Jonathan Jeffries (Service Manager, Bosak Motors)
TEL (260) 426-0545

**James Todd**, Weltman, Weinberg & Reis Co., LPA, 525 Vine St., Suite 800, Cincinnati, Ohio 45202
Attorney for Chrysler Financial, LLC and Kimberly Johnson (Chrysler Financial Collections/Repossession Unit)
TEL (513) 723-2200

**Paul Davis**

**CEO of Bull Dog Towing and Bull Dog Towing**

**Robert Holland**, Pro Se, Plaintiff, 1120 Baker Street, Gary, Indiana 46404
TEL (219) 427-4582

\_\_\_\_X\_\_\_\_\_ By depositing in the U.S. Mail properly addressed and with sufficient first class postage affixed or the federal electronic filing system at the office of the clerk.

_____ By personal delivery or fax.

_____
Robert M. Holland III, Pro Se